KRETZSCHMAR *v.* ROSASCO.

1. PROCESS—SUBSTITUTED SERVICE—CONTENTS OF AFFIDAVIT.
    Affidavit of publication of service need not rest on personal knowledge of the facts, but may be made on information and belief, and it need not state source of affiant's knowledge or information.

2. SAME—JURISDICTION.
    If contents of affidavit of publication of service state requirements of Act No. 257, Pub. Acts 1925, and officer finds enough in it to satisfy his judgment that the conditions for substituted service exist, he has jurisdiction to make order for appearance.

3. SAME—RETURN OF OFFICER—BURDEN OF PROOF.
    Verity attaches to the return of an officer acting under his official oath, and burden of showing falsity rests upon person asserting it.

4. APPEAL AND ERROR—CASE-MADE.
    In reviewing case on case-made, Supreme Court examines the evidence only to determine whether there is any testimony to sustain the judgment.

5. PROCESS—SUBSTITUTED SERVICE—ABUSE OF PROCESS.
    In summary proceedings to foreclose land contract, testimony by
    plaintiff that after investigation he was unable to ascertain
    defendant's address, followed by return of no service of sum-
    mons by officer, when taken in connection with defendant's
    failure to show lack of diligence by officer or where or when
    service could have been made, *held*, to justify commissioner in
    holding that there was no abuse of process in making substi-
    tuted service.

Case-made from Oakland; Gillespie (Glenn C.), J.
Submitted January 10, 1930. (Docket No. 80, Cal-
endar No. 34,650.) Decided March 6, 1930.

Summary proceedings by August W. Kretzschmar,
trustee, against Victor P. Rosasco and another to
foreclose a land contract. Defendant Rosasco re-
views order dismissing writ of certiorari to circuit
court commissioner by case-made. Affirmed.

*Albert G. Goetz,* for plaintiff.

*Donald McGaffey* and *Frank S. Valenti,* for de-
fendant Rosasco.

FEAD, J. In summary proceedings before a cir-
cuit court commissioner, defendant Victor Rosasco
appeared specially by attorney and attacked the reg-
ularity of substituted service of process on him.
Judgment going against him, he brought certiorari
in circuit court, and, again losing, reviews on case-
made.

His position before the commissioner and in his
affidavit for certiorari was that the return of no
service of summons by the officer and the affidavit
of publication were false and the latter was insuffi-
cient because it did not set up the facts from which
the commissioner could determine whether the stat-

ute, Act No. 257, Pub. Acts 1925, applied, and plaintiff did not have sufficient knowledge of facts to make the affidavit.

Summons was issued February 8, 1929. The deputy sheriff returned that, after diligent search and inquiry, he had been unable to find this defendant and others in his bailiwick. The affidavit of publication was made March 2d by plaintiff, was not in enviable form, but it stated the issuance and return of summons and that defendant and others—"are continually absent from their place of residence and cannot be found, and it cannot be ascertained in what State or county they reside."

An affidavit of publication need not rest on personal knowledge of the facts, but may be made on information and belief. It need not state the source of affiant's knowledge or information. If the contents of the affidavit state the statutory requirements and the officer finds enough in it to satisfy his judgment that the conditions for substituted service exist, he has jurisdiction to make the order. *Powell* v. *Pierce,* 168 Mich. 427; *Morrison* v. *Morrison,* 64 Mich. 53; *Colton* v. *Rupert,* 60 Mich. 318. These cases modified the earlier rule relied on by defendant.

Testimony on defendant's motion was taken April 6th. It appeared that defendant conducted a drug store in Detroit and plaintiff there personally served on him a preliminary notice ·of forfeiture about January 11th, and again saw him at the store on April 3d.

Defendant further testified that the store was located at 901 E. Congress street, he worked there several hours each day, his home was at 11699 Indiana, and he knew of no attempt to serve papers on him after March 2d. Upon this showing, he

claims want of diligence to serve summons, false and invalid return of service and affidavit of publication, and want of jurisdiction to make the order, under *Barnes* v. *Curry,* 232 Mich. 532. In that case, plaintiff and its attorney knew defendant's residence, where he worked, and that his absence from home was merely temporary, on demand of his employment. The officer was given the same information by defendant's wife. He made no attempt to find defendant. In such case there was a plain abuse of process, sufficient to warrant setting aside the judgment on direct attack. It did not go to jurisdiction, however, as jurisdiction to make an order of substituted service obtains if the affidavit is sufficient in form and satisfies the officer.

The case at bar is different from the *Barnes Case.* The officer was not sworn, and it did not appear what diligence he used or failed to use to make service of summons. Defendant's testimony was general, and did not show his own residence or whereabouts during the time the officer had the summons for service. Whether the summons could have been served on him in the State did not appear. Verity attaches to the return of an officer, acting under his official oath, and the burden of showing falsity rests upon the person who asserts it. *Clabaugh* v. *Wayne Circuit Judge,* 228 Mich. 207. The burden requires a showing of what the officer actually did or of conditions existing during the time he had the process for service, which inevitably indicate a lack of diligence.

Plaintiff testified that he could not ascertain defendant's residence. A few days after visiting defendant's store, he attempted registered mail service of a second notice of forfeiture. He said he found two addresses of defendant in the telephone

book, one at Boston or Chicago boulevard and the other at 910 E. Congress street, and mailed the notice to each address. Both notices were returned.

In this proceeding, we examine the evidence only to determine whether there is any testimony to sustain the judgment. While the case is close, plaintiff's investigation to ascertain defendant's address and his subsequent efforts to serve final notice of forfeiture on him, followed by return of no service of summons by the officer, especially when taken in connection with defendant's failure to show lack of diligence by the officer or where or when service could have been made, justified the commissioner in holding that there was not an abuse of process.

The commissioner, having obtained jurisdiction from the affidavit of publication and having found no abuse of process, had jurisdiction to try the cause.

Judgment is affirmed, with costs.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, SHARPE, and NORTH, JJ., concurred.