REHBERG v. BOARD OF EDUCATION OF MELVINDALE,
ECORSE TOWNSHIP SCHOOL DISTRICT NO. 11,
WAYNE COUNTY.

1. SCHOOLS AND SCHOOL DISTRICTS—PURPOSE OF TEACHERS' TENURE ACT.

The purpose of the teachers' tenure act is to maintain an adequate and competent teaching staff, free from political and personal arbitrary interference (CL 1948, § 38.71 *et seq.*).

2. SAME—TEACHERS' TENURE ACT.

The teachers' tenure act promotes good order and the welfare of the State and of the school system by preventing removal of capable and experienced teachers without reasonable and just cause or at the personal whims of changing office holders (CL 1948, § 38.71 *et seq.*).

3. SAME—STATE TENURE COMMISSION—REVIEW OF ACTION OF CONTROLLING BOARD.

The teachers' tenure act does not authorize the State tenure commission to ignore the findings and action of a controlling board of a school with respect to a teacher, as the act sets forth that the procedure to be followed by the board in the conduct of its hearing by requiring testimony be taken under oath or affirmation and that a certified transcript thereof shall be furnished the commission which shall "act as a board of review," but does not preclude the commission from taking such additional testimony as in its discretion may be required (CL 1948, §§ 38.104, 38.139).

4. SAME—CONTROL OF SCHOOL BOARDS—INTENT.

School districts, though State agencies, are governed locally and their controlling boards are chosen by the electorate, hence if it is intended to deprive such boards of administrative control

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 47 Am Jur, Schools, § 129.
[1, 2] Teachers' tenure statutes.  110 ALR 791; 113 ALR 1495; 127 ALR 1298.

of teachers, such intent must be definitely stated in statute wherein it is claimed such intent was expressed (CL 1948, § 341.1 *et seq.*).

5. COSTS—CONSTRUCTION OF STATUTE.
   No costs are allowed on appeal involving the construction of a statute not hitherto construed in this State (CL 1948, § 38.71 *et seq.*).

Appeal from State Tenure Commission. Submitted April 11, 1951. (Docket No. 16, Calendar No. 44,865.) Decided June 4, 1951.

Clark Rehberg demanded a hearing on his removal by Board of Education of Melvindale, Ecorse Township School District No. 11, Wayne County, Michigan. Being removed he appeals to State Tenure Commission. Order of Board of Education reversed. It appeals. Reversed and remanded.

*Edward N. Barnard,* for plaintiff.

*Roscoe O. Bonisteel, Jr.* (*Roscoe O. Bonisteel,* of counsel), for defendant.

BUSHNELL, J. Defendant Board of Education was granted leave to appeal from an order of the State tenure commission, restoring plaintiff Clark Rehberg to his position as a teacher, and reversing the board's decision of dismissal. The sole question presented here is whether the State tenure commission, acting as a "Board of Review," hears cases *de novo* or only for the purpose of determining whether the original proceedings before the controlling board were proper, without error, and in accordance with the provisions of the tenure act. Decision involves the construction of PA 1937 (Ex Sess), No 4, art 7, § 9, relating to tenure of teachers. CL 1948, § 38.71 *et seq.* (Stat Ann 1949 Cum Supp § 15.1971 *et seq.*).

The specific section in question is CL 1948, § 38.139 (Stat Ann 1949 Cum Supp § 15.2039), which reads:

"The State tenure commission shall act as a board of review for all cases appealed from the decision of a controlling board."

On March 3, 1947, the principal of the Melvindale High School advised the superintendent of schools that accusations had been made against Rehberg. These related to claimed improper conduct in connection with certain female high school students. Acting upon the advice of the superintendent, Rehberg was notified by the principal of his suspension and was furnished a copy of the charges.

Counsel for Rehberg requested a public hearing, as permitted by statute, and later advised the board that Rehberg's witnesses and friends would number about 100. Adequate facilities for such a hearing were requested.

A stenographic record was made of the testimony taken at the public hearing on April 10, 1947. The school district and Rehberg were represented by counsel. A certified copy of the transcript of the testimony, with copies of certain exhibits, are embodied in a 123-page special printed record filed in this Court.

On April 11th the board of education discharged Rehberg and made a suitable minute of its factual determination. An appeal was filed on April 30, 1947. For some reason not clearly indicated in the record, the State tenure commission did not consider the matter until November 17, 1949, about $2\frac{1}{2}$ years later. At that time some testimony was introduced respecting the sufficiency of the notice and the question of whether or not there had been an adequate public hearing. No testimony was then introduced or offered before the commission with respect to the merits of the case, except exhibit No 17, hereinafter

discussed. At the close of that hearing the chairman of the tenure commission announced that the matter would be adjourned to an indefinite date. Proceedings were resumed on April 6, 1950, at which time a police officer of the city of Melvindale was called as a witness to rebut previous testimony relative to the inadequacy of the room in which the controlling board held its hearing, the argument having been made before the commission that the room was so small that an adequate public hearing was not conducted.

At the first session of the commission, exhibit 17, which was a transcript of the hearing of April 10, 1947, before the controlling board, was offered in evidence. Counsel for Rehberg objected to its reception on the ground that the chairman had already ruled that the commission's hearing would be conducted *de novo*.

The ruling of the chairman on this question was as follows:

"With reference to the question of whether or not this commission will sit and swear witnesses and hear their testimony in a similar manner as that of the controlling board involved, I think I speak for the entire commission in saying that it is our considered opinion that the matter will be conducted as we interpret the statute to mean, as it was conducted before. In other words, each party will be entitled to produce its witnesses, their testimony will be taken, and a decision arrived at by the commission from the testimony produced."

At the April, 1950, hearing, counsel for the controlling board re-argued this question and filed a formal motion based upon the limitation of the power of the commission to a review of the record made before the controlling board. The commission again refused to consider that record.

The teachers' tenure act has not been construed in Michigan, but the following has been said about such acts elsewhere:

Its purpose is to maintain an adequate and competent teaching staff, free from political and personal arbitrary interference. *Ehret* v. *Kulpmont Borough School District*, 333 Pa 518 (5 A2d 188).

It promotes good order and the welfare of the State and of the school system by preventing removal of capable and experienced teachers at the personal whims of changing office holders. *State, ex rel. Anderson*, v. *Brand*, 214 Ind 347 (5 NE2d 531, 913, 110 ALR 778, 781). Also, same on rehearing, 214 Ind 347 (7 NE2d 777) 303 US 95 (58 S Ct 443, 82 L ed 685, 113 ALR 1482); and *Lost Creek School Township* v. *York*, 215 Ind 636 (21 NE2d 58, 127 ALR 1287).

In *State, ex rel. Wood,* v. *Board of Education of City of St. Louis,* 357 Mo 147 (206 SW2d 566, 567), it is stated that the purpose of the act is to protect and improve State education by retaining in their positions teachers who are qualified and capable and who have demonstrated their fitness, and to prevent the dismissal of such teachers without just cause. See, also, The Teachers' Contractual Status by I. M. Allen, page 77, Bureau of Publications, Teachers College, Columbia University (1928).

The question presented in this appeal is one of first impression. The word "review" is defined as "a judicial re-examination of proceedings of a court." 54 CJ, p 746. See, also, an informative article in the April, 1951, issue of the Michigan State Bar Journal, Vol 30, No 4, p 29, entitled, "The Administrative Law of Michigan," by Frank E. Cooper.

The term "claim of review," as used in the workmen's compensation act (CL 1948, § 413.11, Stat Ann 1950 Rev § 17.185), has been construed to contemplate a *de novo* hearing. *King* v. *Peninsular Port-*

*land Cement Co.,* 216 Mich 335. In a review of the record made before the deputy commissioner, the department may, under the section just cited, without petition and on its own motion, order additional testimony taken where it deems such testimony should be taken in furtherance of justice. See *Owen* v. *Cope Swift Foundry Co.,* 286 Mich 601.

The State board of tax appeals is, by statute, given the power to hear witnesses. (CL 1948, § 205.7 [Stat Ann 1950 Rev § 7.657 (7)].)

The Michigan unemployment compensation act (CL 1948, § 421.1 *et seq.* [Stat Ann 1950 Rev § 17.501 *et seq.*]) provides in section 34 that a prior decision of the referee may be appealed to the appeal board which, "on the basis of evidence submitted and such additional evidence as it may require, shall affirm, modify, set aside, or reverse such findings of facts and decision of the referee." In the next succeeding section the appeal board is permitted to "direct the taking of additional evidence," et cetera.

The Michigan liquor control act (CL 1948, § 436.1 *et seq.* [Stat Ann and Stat Ann 1949 Cum Supp § 18.971 *et seq.*]), provides in section 5a for a board of hearing examiners, who report their findings to the commission for decision. Section 20 of the act contemplates a review by the commission of the record made either before a designated commissioner or an examiner. At this time the licensee may lay before the commission any facts or reasons why the suspension or revocation of his license or the penalty imposed should be modified or rescinded.

The teachers' tenure act specifies how the hearing shall be conducted before the controlling board. See section 4 of article 4 (CL 1948, § 38.104 [Stat Ann 1949 Cum Supp § 15.2004]). Testimony under oath or affirmation is required. Section 1 of article 6 provides that hearings before the commission shall be conducted in the same manner, and in accordance

with "such other rules and regulations as the tenure commission may adopt."

The record does not indicate that any rules and regulations have been adopted by the commission.

The legislature indicated the scope of and procedure on review in the workmen's compensation, unemployment compensation, and the liquor control acts. It did not so indicate in the tenure act, except as just stated herein and in the use of the bare phrase, "act as a board of review."

The tenure act requires a full stenographic record of the proceedings before the controlling board, and that the teacher affected shall be furnished a certified copy of the transcript of such hearing within 10 days after its conclusion. Under the view expressed by the commission a duplication of this effort and expense would be required.

The tenure act was enacted for the purpose of protecting teachers from being discharged or demoted from a continuing tenure except for "reasonable and just cause" and only after written charges have been filed and furnished the teacher, with notice of date of hearing. Such hearing may be public or private, at the option of the teacher. A written decision must be furnished the teacher within 15 days after the conclusion of the hearing.

The Michigan tenure act is in furtherance of the concept that:

"Religion, morality and knowledge being necessary to good government and the happiness of mankind, schools and the means of education shall forever be encouraged." Section 1, art 11, Const 1908.

School districts, though State agencies, are governed locally and their controlling boards are chosen by the electorate. (See PA 1927, No 319 [CL 1948, § 341.1 et seq. (Stat Ann § 15.1 et seq.)].) If the legislature intended to deprive local governing bod-

ies of administrative control of teachers, that intent should have been definitely stated in the tenure act.

In *Finch* v. *Fractional School District No. 1 of Vassar and No. 2 of Tuscola,* 225 Mich 674, the Court said:

"The school board, a deliberate public body, in the exercise of a right, here reserved by contract, went to a hearing, *quasi-judicial* in character, and, having grounds to sustain its finding, found that plaintiff had been guilty of gross immorality and dismissed him. Surely, the school district may not be required to accept the finding of a jury upon this question rather than the finding of its school board. If such finding by the school board may be reviewed and reversed by a jury, the government of our schools may be impaired and the position of school boards in dealing with such cases will be precarious indeed. Such finding and determination of the board are conclusive unless the board acted corruptly, in bad faith, or in clear abuse of its powers."

See, also, authorities cited therein, and *Tanton* v. *McKenney,* 226 Mich 245 (33 ALR 1175).

The tenure act places an additional safeguard upon the arbitrary or unreasonable dismissal of teachers and is designed for their protection. It does not, however, otherwise diminish or interfere with the administrative power of the local controlling board, nor require it to indulge in idle ceremonies.

The tenure commission should review and consider the record made before the controlling board, but is not precluded from taking such additional testimony as in its discretion may be required.

The order entered by the commission is vacated and the cause is remanded for further proceedings in conformity with this opinion. The construction of a statute being involved, no costs will be allowed.

REID, C. J., and BOYLES, NORTH, DETHMERS, BUTZEL, CARR, and SHARPE, JJ., concurred.