FARRIMOND v BOARD OF EDUCATION OF THE EAST JORDAN
PUBLIC SCHOOLS

Docket No. 71228. Submitted December 14, 1983, at Lansing.—Decided October 2, 1984.

Kathryn Farrimond, a tenured teacher employed by the Board of Education of the East Jordan Public Schools, had been, since 1970, credited with a full year of teaching for a prior year in which she had actually taught for only a half-year. In 1977, a new contract was entered into between the board and the union of which Farrimond was a member. The board interpreted this contract to require the placement of Farrimond at a step on the salary schedule which reflected her actual teaching experience. The result was that Farrimond received a raise which reflected a half-step up the salary schedule, rather than a full step from the previous year. Farrimond petitioned the State Tenure Commission for relief, alleging that the removal of a half-year credit constituted a demotion which had occurred without the procedures required by the teachers' tenure act. The State Tenure Commission ruled that the board's action did not constitute a demotion and that the commission had no subject matter jurisdiction over the dispute. The commission granted accelerated judgment in favor of the board. Farrimond appealed to the Ingham Circuit Court, which reversed and remanded the matter for a determination of back pay due, James R. Giddings, J. The board appealed. *Held:*

1. The case had been submitted to the commission on stipulated facts. The commission's decision, based on those facts, was that Farrimond had not been demoted as demotion is defined in the teachers' tenure act. Judicial review of that decision is limited to whether the decision was supported by the stipulated facts.

2. The commission's decision that the dispute was a labor

REFERENCES FOR POINTS IN HEADNOTES
[1] 2 Am Jur 2d, Administrative Law §§ 556, 566 *et seq.,* 645, 650.
[2] 2 Am Jur 2d, Administrative Law §§ 675, 676, 678.
[3] 2 Am Jur 2d, Administrative Law § 656.
     73 Am Jur 2d, Statutes § 143.
[4, 6] 68 Am Jur 2d, Schools § 158.
[5] 68 Am Jur 2d, Schools § 151.

dispute between the parties, and thus outside the purview of the commission, was not arbitrary, capricious, or an abuse or unwarranted exercise of its discretion.

3. The appellee's remedy is that provided by the grievance procedures of the collective-bargaining agreement or the bringing of a civil suit.

Reversed, and the order of the State Tenure Commission reinstated.

J. H. Gillis, P.J., dissented. He would hold that the action of the board in this case is not contemplated by the collective-bargaining agreement and that the action did constitute a demotion. He also would hold that the commission's decision was not supported by competent, material and substantial evidence on the whole record. He would affirm.

### Opinion of the Court

1. Review — Administrative Law.

A reviewing court may set aside the decision or order of an administrative agency only if substantial rights of the petitioner have been prejudiced because the decision or order was in violation of a statute, or arbitrary, capricious or clearly an abuse or unwarranted exercise of discretion, or affected by other substantial and material error of law (MCL 24.306; MSA 3.560[206]).

2. Review — Administrative Law — Findings of Fact.

A reviewing court may not substitute its judgment for that of an administrative agency in the absence of fraud or jurisdictional defect; an agency's findings of fact are conclusive unless they are unsupported by substantial evidence, and where a case has been submitted to the agency for decision upon an agreed-upon statement of facts that statement must be taken as conclusive, and the only question for the reviewing court is whether the decision was supported by the stipulated facts.

3. Statutes — Judicial Construction.

The construction given to a statute by those charged with the duty of executing it is always entitled to the most respectful consideration and ought not to be overruled without cogent reasons.

4. Schools — Teachers — Pay Schedules — Demotion.

The placing of a teacher on a salary schedule which results in a raise in pay in a lesser amount than would have resulted from payment under a previously utilized method of setting salaries

is not a "demotion" as defined by the teachers' tenure act (MCL 38.74; MSA 15.1974).

5. SCHOOLS — TEACHERS — LABOR DISPUTES — TEACHERS' TENURE ACT.

The teachers' tenure act was not intended to cover labor disputes between school districts and their employees (MCL 38.71 *et seq.;* MSA 15.1971 *et seq.).*

DISSENT BY J. H. GILLIS, P.J.

6. SCHOOLS — TEACHERS — PAY SCHEDULES — DEMOTION.

*The placing of a teacher on a salary schedule which results in a raise in pay that is less than would have resulted had previous practice been followed by the school board was a "demotion" where the board had, by its actions, created a reasonable expectation in the teacher that past practice would be followed.*

*Foster, Swift, Collins & Coey, P.C.* (by *Arthur R. Przybylowicz),* for petitioner-appellee.

*Thrun, Maatsch & Nordberg, P.C.* (by *G. Michael White),* for respondent-appellant.

Before: J. H. GILLIS, P.J., and SHEPHERD and J. J. KELLEY,* JJ.

PER CURIAM. Appellee petitioned the Michigan Teacher Tenure Commission for relief, alleging that certain action taken by appellant constituted a demotion which was not only wrongful but which had occurred without the notice and hearing required by the teachers' tenure act. The commission granted appellant's request for accelerated judgment, however, ruling that appellant's actions had not constituted a demotion and the commission therefore had no jurisdiction over the parties' dispute. On appeal, the circuit court reversed the order of the commission and remanded for a determination of the back pay due appellee. Appellant appeals as of right.

* Circuit judge, sitting on the Court of Appeals by assignment.

By stipulation of the parties, this dispute was considered by the commission strictly on the basis of certain agreed-upon documents submitted to the commission, including a stipulation of facts and a copy of the collective-bargaining agreement between appellant Board of Education and the Northern Michigan Education Association (of which appellee was a member) which governed the years in question. No other evidence or testimony was submitted to the commission. The stipulated facts made available to the commission read as follows:

"1. Appellant is a teacher on continuing tenure with Appellee within the meaning of the Teacher Tenure Act.

"2. Appellee is a controlling board within the meaning of the Teacher Tenure Act.

"3. Appellant was first employed with Appellee in the 1970-71 school year and has been continuously employed with Appellee since that time.

"4. In the 1976-77 school year, Appellee was paid at an annual rate of $14,338.00, being step 8 of the salary schedule for a teacher with a master's degree.

"5. The Master Agreement current in the 1976-77 school year expired in the summer of 1977, no new agreement was placed into effect as regards salaries until November 18, 1977.

"6. A copy of the new agreement is attached as Exhibit A.

"7. In the fall of 1977, all teachers employed by Appellee were retained by the prior years' salary step until such time as the new agreement was settled, at which time all teachers were placed on their respective steps in the new agreement with retroactive adjustment to September 1, 1977.

"8. As applied to Appellant, this procedure meant that she was paid at an annual rate of $14,338.00 before November 18, 1977; as of November 18, 1977, Ms. Farrimond was paid at an annual rate of $15,492.00, being step 8 1/2 for a teacher with a master's degree.

"9. The parties to this appeal are engaged in a good faith dispute as to the appropriate step level of pay for Ms. Farrimond, Appellee contending that the Master Agreement would place Ms. Farrimond on step 8 1/2 and that her individual contracts (attachment B) have been subject to the terms of the Master Agreement; Ms. Farrimond contending that she was first hired at a step level, the continual progress of which would place her at step 9 and that the actions of Appellee up to November 18, 1977 constitute a past employment practice.

"10. The placement of Appellant on the salary schedule, which initially gave her a full year experience for one-half year of teaching experience, by the former Superintendent of Schools was intentional and her placement was reviewed and accepted by a succeeding Superintendent of Schools, as indicated in the attached letter.

"11. The procedures prescribed in the Teacher Tenure Act with regard to discharge or demotion of a tenured teacher have not been followed in this case.

"12. That there are and have been other teachers at the East Jordan School District who have received salaries at half step levels based upon a half year of experiences."

Apparently appellee, when hired by appellant in 1970, was given one year of credit in terms of placement on the then-operative salary schedule for only one-half year of teaching experience. The contract entered into by the parties in November, 1977, and made retroactive to September, 1977, however, was interpreted by appellant to require placement of appellee at a step on the salary schedule which reflected her actual total years of teaching experience at that time, resulting in a move of only one-half step up the schedule for appellee from that of the previous year, rather than the full step expected by appellee and apparently received by all other teachers in the district. While the move accurately reflected appellee's actual experience, she alleged that the extra one-

half year she had initially been creditied with, since it had not been taken from her in the seven years she had taught for appellant, constituted the fruits of a past employment practice which could not now be gratuitously modified.

Based on the collective-bargaining agreement and the facts as stipulated to by the parties, the commission ruled that appellant's action did not constitute a demotion. The commission therefore ruled that it had no subject matter jurisdiction over the dispute, which was more properly resolved through prescribed collective-bargaining procedures. We agree.

In reviewing the decisions of an administrative agency, a court may set aside that decision or order only if substantial rights of the petitioning appellant have been prejudiced "because the decision or order [was] * * * [i]n violation of * * * a statute * * * [or] * * * [a]rbitrary, capricious or clearly an abuse or unwarranted exercise of discretion [or] * * * [a]ffected by other substantial and material error of law". MCL 24.306; MSA 3.560(206). The reviewing court may not substitute its judgment for that of the agency in the absence of fraud or jurisdictional defect. An agency's findings of fact are conclusive unless they are unsupported by substantial evidence. *Regents of the University of Michigan v Employment Relations Comm,* 389 Mich 96; 204 NW2d 218 (1973); *Murphy v Oakland County Dep't of Health,* 95 Mich App 337; 290 NW2d 139 (1980). Where a case has been submitted for decision upon an agreed-upon statement of facts, that statement must be taken as conclusive. The only question for the reviewing court then is whether the judgment was supported by the stipulated facts. *Kretzschmar v Rosasco,* 250 Mich 9; 229 NW 446 (1930).

In the instant case, however, the circuit court

apparently disregarded or contradicted at least a portion of the stipulated facts when it determined that appellant's "attempt to reach back seven years for a basis to deny [Ms. Farrimond] her rightful salary is belated and clearly arbitrary". To the contrary, the parties had stipulated that they were "engaged in a good faith dispute as to the appropriate step level of pay" for appellee.

As to the legal conclusions reached by the commission, "[t]he construction given to a statute by those charged with the duty of executing it is always entitled to the most respectful consideration and ought not to be overruled without cogent reasons". *Magreta v Ambassador Steel Co (On Reh)*, 380 Mich 513, 519; 158 NW2d 473 (1968). Here, the Tenure Commission ruled that, on the facts as stipulated by the parties, appellee had not been demoted under the teachers' tenure act which defines "demote" as "to *reduce* compensation or to transfer to a position carrying a *lower salary*". (Emphasis added.) MCL 38.74; MSA 15.1974. In similar cases before the commission, the commission had also held that placement of a teacher on a schedule resulting in less of a raise than would have resulted from payment under the previous method did not constitute a demotion. Since there was no guarantee to any one employee regarding his rate of salary increase in the ensuing years after he was employed, a board of education was under no obligation to maintain a differential once a single salary schedule had been negotiated placing all employees on that single wage scale. *Hanson v School Dist of the City of Benton Harbor,* (State Tenure Commission, Docket No. 71-42). The circuit court erroneously cited *Hanson* in its opinion, claiming that *Hanson* was distinguishable from the instant case because a new agreement had been negotiated between the

parties there, requiring placement of Hanson at a particular step. However, such was not the case here as the contract was interpreted by appellant's administrators. *Highhouse v Bd of Ed of Grand Rapids Public Schools,* (State Tenure Commission, Docket No. 82-13), cited by the dissent, is distinguishable from the instant case in several aspects. Most notably, the teachers there were transferred to positions to which a generally lower salary schedule applied.

Past decisions of the commission had never defined "demotion" in terms of a teacher's "reasonable expectation" of a "full yearly increment", the standard employed by the circuit court and the commission dissent here.[1] In fact, several Tenure Commission decisions had held that terms of collective-bargaining agreements must be considered when determining whether a demotion has occurred. Where a collective-bargaining agreement allowed deviation from the applicable step of the salary schedule, retention at one level of a teacher with observed deficiencies resulted in no "reduction in compensation"; hence there was no demotion. *Cutshall v Zeeland Public Schools* (State Tenure Commission, Docket No 73-42); see also *Niemi v Kearsley Community School Dist* (State Tenure Commission, Docket No. 73-52).

In keeping with this interpretation, the commission has refused to rule on matters which, even though they involved a reduction of pay, were actually labor disputes or differences of opinion in

---

[1] While *Highhouse v Bd of Ed of Grand Rapids Schools,* (State Tenure Commission, Docket No. 82-13) referred to the "reasonable expectation" standard, it did so in reliance upon the circuit court's opinion in the instant case. The commission, we would point out, is bound by judicial pronouncements, *cf., CAF Investment Co v Saginaw Twp,* 410 Mich 428, 464; 302 NW2d 164 (1981); we therefore do not necessarily view its acceptance, after its decision in the instant case, of the "reasonable expectation" standard as an indication that the commission itself prefers that standard or finds it statutorily correct.

contract interpretation. *Stewart v Pewamo-West-phalia Community Schools* (State Tenure Commission, Docket No. 76-55); *Hamilton v Fitzgerald School Dist* (State Tenure Commission, Docket No. 75-36); *Kuntz v Bd of Ed of Owendale-Gagetown Schools* (State Tenure Commission, Docket No. 77-24).

Considering the historical precedent for the commission's ruling that it did not have jurisdiction over what was, in the instant case, a labor dispute between appellant and appellee, we cannot say that the commission's order was arbitrary, capricious or an abuse or unwarranted exercise of its discretion. Nor can we say that its decision resulted from a misinterpretation of the statute. Reversal of the commission's decision, therefore, was improper. Although there was a commission dissent in the instant case which provided the basis for the circuit court's opinion, the circuit court still was not free to follow that dissent unless the decision by the majority was arbitrary, capricious, or was based on an error of law.

The commission's stance has also received support from the Michigan Supreme Court, which held that the teachers' tenure act was not intended, by contemplation or design, to cover labor disputes between school districts and their employees. *Rockwell v Crestwood School Dist,* 393 Mich 616; 227 NW2d 736 (1975). Nor may the courts expand the definition of "demotion" beyond that intended by the Legislature by reliance on the "spirit of the teachers' tenure act". *LeGalley v Bronson Community Schools,* 127 Mich App 482, 486; 339 NW2d 223 (1983).

Since the collective-bargaining agreement negotiated between appellant and appellee's union contained a provision requiring each teacher to be placed at that particular step which was applica-

ble to his or her experience and education, and since the agreement also provided that the new contract was to supersede any and all previous provisions or rights, appellee's placement on the salary schedule involved a labor dispute rather than a subject for the commission. The matter was one of contract interpretation.

Although the appellee considers the collective-bargaining agreement to be silent on how experience was to be calculated, we suggest that, by the terms of the agreement itself, her salary level is easily determined by reference to the exact number of years of experience she possessed. We concede that appellee disputes the appropriateness of her placement at that level; but the level nevertheless is easy to calculate.

The circuit court found that appellee had a reasonable expectation that she would advance one full level with the start of the new school year. It may well be that appellee did have such a reasonable expectation, based on the earlier intentional higher placement by a former superintendent. Failure to fully satisfy a "reasonable expectation", however, does not amount to a demotion according to the clear language of the teachers' tenure act.

The crucial issue here, which was not briefed or argued below (presumably because it does not establish a demotion), is whether a collective-bargaining agreement which is clear on its face can take away from an employee (or be administratively interpreted so as to take away) a full level advancement which is reasonably expected by the employee and advance that employee only one-half level to conform to actual experience. Relevant to that discussion would be the terms of previous contracts or other information not available on this record. It is clear, however, that what has

occurred here is not a demotion under the teachers' tenure act, but involves a possible violation of an agreement between appellee and previous administrators, a question of interpretation of the collective-bargaining agreement, or an allegation that appellant waived the experience level provisions, assuming earlier contracts had similar experience/salary equations. All of these issues are more appropriately submitted to arbitration or to litigation in court rather than to the Teacher Tenure Commission which has a limited statutorily defined function.

Appellee's remedy, then, was properly provided for by the grievance procedures included in the collective-bargaining agreement or by exercising her option of initiating a civil suit for breach of contract or violation of other contractual rights. See *Shippey v Madison Dist Public Schools,* 55 Mich App 663; 223 NW2d 116 (1974); *Bruinsma v Wyoming Public Schools,* 38 Mich App 745; 197 NW2d 95 (1972), *lv den* 387 Mich 783 (1972).

It is clear that there was substantial basis in fact and in law for the commission's ruling that appellee had not been demoted as defined by the teachers' tenure act. The circuit court therefore was not entitled to substitute its views in overruling the commission. Appellee's remedies are properly found in the contract grievance procedures or through initiation of a civil lawsuit for contract violations; the commission properly eliminated itself as the forum for this dispute.

Reversed; the order of the State Tenure Commission is reinstated.

No costs, a public issue being involved.

J. H. GILLIS, P.J. *(dissenting).* I dissent. I would affirm the decision of the circuit court. I would hold that the board's action in the instant case

constituted a demotion under MCL 38.74; MSA 15.1974, without following the procedures as set forth in MCL 38.101; MSA 15.2001.

I disagree with the following assertion contained in the majority opinion:

"Since the collective-bargaining agreement negotiated between appellant and appellee's union contained a provision requiring each teacher to be placed at that particular step which was applicable to his or her experience and education, and since the agreement also provided that the new contract was to supersede any and all previous provisions or rights, appellee's placement on the salary schedule involved a labor dispute rather than a subject for the commission. The matter was one of contract interpretation.

\* \* \*

"Appellee's remedy, then, was properly provided for by the grievance procedures included in the collective-bargaining agreement or by exercising her option of initiating a civil suit for breach of contract or violation of other contractual rights. See *Shippey v Madison Dist Public Schools,* 55 Mich App 663; 223 NW2d 116 (1974); *Bruinsma v Wyoming Public Schools,* 38 Mich App 745; 197 NW2d 95 (1972), *lv den* 387 Mich 783 (1972)."

Nothing in the collective-bargaining agreement at issue in any way requires that a teacher be placed at a particular step or how that step is to be calculated. The only reference to years of experience appears on a chart appended to the agreement as Schedule A which lists the salaries which coincide with a particular level of education and experience. Nothing in that appendix, however, describes how experience is to be determined. Indeed, the chart itself does not list salaries based on half-years of experience. In order to arrive at a salary for 8-1/2 years experience, one must extrapolate from the figures given for 8 years and 9 years.

Section 1.5 of the contract describes the purpose of the grievance procedure:

"Any teacher, group of teachers, or the Association believing that there has been a violation, misinterpretation or misapplication *of any provision of this agreement* relating to wages, hours, terms or conditions of employment, may process a grievance as hereinafter provided." (Emphasis supplied.)

Because the agreement does not address the issue at hand, neither the grievance procedure nor civil suit based on the agreement would be appropriate or effective.

Section 6.1 of the agreement states:

"This agreement shall supersede any rules, regulations or practices of the board which shall be contrary to or inconsistent with its terms. It shall likewise supersede any contrary or inconsistent terms contained in any individual teacher contracts heretofore in effect. All future individual teacher contracts shall be made expressly subject to the terms of this agreement. Copies of this agreement and any amendments shall be presented to all teachers now employed or hereafter employed by the board."

Because the agreement does not address how the amount of experience is to be calculated, that determination remains subject to individual agreements between the teacher and the board. Fact Stipulation 10 specifically states:

"The placement of appellant on the salary schedule, which initially gave her a full year experience for one-half year of teaching experience, by the former Superintendent of Schools was intentional and her placement was reviewed and accepted by a succeeding Superintendent of Schools * * *."

The placement of appellee in the salary schedule

was an administrative decision specifically reserved for the board in Section 2.10 of the agreement and not superseded by the contract.

The calculation of amount of experience, therefore, is not a subject covered by the agreement. It remains to be considered whether appellee's contention that she was demoted without proper procedures being followed is supported by the record.

Article IV, Section 1 of the tenure act, MCL 38.101; MSA 15.2001, provides, in part:

"Discharge or demotion of a teacher on continuing tenure may be made only for reasonable and just cause, and only after such charges, notice, hearing, and determination thereof, as are hereinafter provided."

Demotion is defined under the act as follows:

"The word 'demote' shall mean to reduce compensation or to transfer to a position carrying a lower salary." MCL 38.74; MSA 15.1974.

The two dissenting members of the five-member Tenure Commission panel which decided the instant case wrote as follows:

"We would extend the definition of demotion to include situations where a teacher with a reasonable expectation of full advancement on the salary schedule adopted by the board is denied that full yearly increment. We believe this extension of the definition complies with the spirit and purpose of the act, to protect teachers from the arbitrary and capricious actions of their employers. See, for example, *Rehberg v Bd of Ed of Melvindale,* 330 Mich 541 [48 NW2d 142] (1951)."

In adopting the reasoning of the dissenting opinion, the circuit judge wrote:

"In the instant case, appellant received an increase for the 1977-78 school year. However, all other full-time teachers received a full-step salary increase and appel-

lant received only one-half step increase. Appellant's salary had increased at a full step every year since the 1970-71 school year. She was on step 8 during the 1976-77 school year and rightly expected to be on step 9 the next. Appellee's deviation from the normal salary schedule constituted a 'demotion'. Appellee's argument that Farrimond's salary was not being reduced, but merely 'adjusted' is mere semantics. The so-called 'adjustment' is actually a reduction in compensation and the provisions of the tenure act apply.

"This court agrees with the dissenting members of the commission that appellee board created a reasonable expectation in appellant that she would advance a full step for each additional year of service."

I agree with the opinion of the circuit court.

The commission's decision that it lacked jurisdiction of this matter is not supported by competent, material and substantial evidence on the whole record as required by MCL 24.306(1)(d); MSA 3.560(206)(1)(d).

I am not unmindful of the majority's citation of the Supreme Court's caution that "[t]he construction given to a statute by those charged with the duty of executing it is always entitled to the most respectful consideration and ought not to be overruled without cogent reasons". *Magreta v Ambassador Steel Co (On Reh),* 380 Mich 513, 519; 158 NW2d 473 (1968). In the instant case, however, it does not appear that the commission has developed any consistent policy in this area. Only three members of the five-member panel in the instant case decided that appellee teacher had not been demoted. In a later case with facts similar to the instant case, all five members of the commission panel adopted the definition of demotion contained in the circuit court opinion in the instant case. See *Highhouse v Bd of Ed of Grand Rapids Public Schools,* (State Tenure Commission, Docket No. 82-13).

I would affirm.