POLAND v GRAND LEDGE PUBLIC SCHOOLS BOARD OF
EDUCATION

Docket No. 89611. Submitted October 22, 1986, at Lansing. Decided
December 15, 1986.

Marilyn Poland, a tenured part-time kindergarten teacher, filed a
petition before the State Tenure Commission, claiming that her
employer, Grand Ledge Public Schools Board of Education,
violated her rights under the teacher tenure act when it
selected a probationary nontenured teacher to fill a full-time
teaching position, which Poland had sought. The tenure com-
mission dismissed Poland's petition and the Ingham Circuit
Court, Thomas L. Brown, J., affirmed on review. Poland ap-
pealed.

The Court of Appeals *held:*

1. Although the Legislature has provided certain benefits
only to tenured teachers in order to promote the purposes of
the teacher tenure act, the Legislature did not mandate that
full-time positions be offered to part-time tenured teachers
before they may be offered to nontenured teachers.

2. The school board was not obligated to assign Poland to the
full-time position under a provision of the teacher tenure act
requiring that a tenured teacher whose services are terminated
because of a necessary reduction in personnel be appointed to
the first subsequent vacancy. The provision does not apply to
Poland since she was employed by the school board at the time
the full-time position was filled.

3. The school board did not demote Poland in contravention
of a provision of the teacher tenure act forbidding the dismissal
or demotion of a teacher except as specified under the act upon
completion of the teacher's probationary period. The provision
does not require that a part-time tenured teacher be trans-
ferred to a full-time position in preference to a nontenured
teacher.

Affirmed.

REFERENCES
Am Jur 2d, Schools §§ 149 *et seq.*
Who is "teacher" for purposes of tenure statute. 94 ALR3d 141.

1. Schools — Teacher Tenure Act — Tenured Teachers — Non-
   tenured Teachers.

   The Legislature did not mandate under the teacher tenure act
   that full-time teaching positions be offered to part-time tenured
   teachers before they may be offered to nontenured teachers.

2. Schools — Teacher Tenure Act — Tenured Teachers.

   A school board, under a provision of the teacher tenure act
   requiring that a tenured teacher whose services are terminated
   because of a necessary reduction in personnel be appointed to
   the first subsequent vacancy, is not obligated to assign a part-
   time tenured teacher to a newly created full-time position
   where the part-time tenured teacher was neither laid off nor
   discharged (MCL 38.105; MSA 15.2005).

3. Schools — Teacher Tenure Act — Tenured Teachers.

   A school board does not demote a part-time tenured teacher, in
   contravention of the provision of the teacher tenure act forbid-
   ding the dismissal or demotion of a teacher except as specified
   under the act upon completion of the teacher's probationary
   period, by not assigning the part-time tenured teacher to a
   newly created full-time position (MCL 38.91; MSA 15.1991).

*Foster, Swift, Collins & Coey, P.C.* (by *David J. Houston*), for petitioner.

*Thrun, Maatsch & Nordberg, P.C.* (by *Donald J. Bonato*), for respondent.

Before: Sullivan, P.J., and Shepherd and R. M. Shuster,* JJ.

Per Curiam. Petitioner, a tenured teacher employed by the respondent board of education, appeals as of right from an order of the Ingham Circuit Court affirming a decision of the State Tenure Commission, which denied petitioner's claim. We affirm.

The facts are largely undisputed. In August, 1973, petitioner was hired by the respondent board of education as a half-time kindergarten teacher

---

* Circuit judge, sitting on the Court of Appeals by assignment.

and she achieved tenure in 1975. Thereafter, petitioner submitted written requests to respondent to be assigned to full-time status on February 27, 1978, May 29, 1979, and December 3, 1979. Petitioner, however, remained a half-time teacher until the 1980-81 school year, when she was placed in a full-time position approximately sixteen days into the school year.

During the 1978-79 school year, respondent hired a probationary teacher to fill a second half-time kindergarten position. In September, 1979, the probationary teacher was selected over petitioner for a full-time kindergarten position that was created for the 1979-80 school year. It is uncontested that petitioner was certified and qualified for this position, and it was the assignment of the probationary teacher to this position which generated this suit.

In her petition filed with the commission, petitioner maintained that the respondent's failure to assign her to the full-time position violated her rights under the teacher tenure act, MCL 38.71 *et seq.;* MSA 15.1971 *et seq.* In its decision and order dated February 8, 1985, the commission dismissed the petition.

Petitioner filed a petition for review with the circuit court on June 10, 1985. Following a hearing conducted September 27, 1985, the court affirmed the commission in an opinion and order dated December 10, 1985.

Petitioner essentially raises three arguments on appeal. First, petitioner argues that the decision by the commission violates the general favored status which the tenure act accords to tenured teachers. Second, petitioner maintains that by assigning the probationary teacher to the full-time position, respondent violated Art IV, § 5 of the act, MCL 38.105; MSA 15.2005, by failing to "recall"

petitioner to fill the "vacancy." Finally, petitioner maintains that the respondent's failure to place her in the full-time position violated her rights under Art III, § 1 of the act, MCL 38.91; MSA 15.1991. These arguments will be addressed seriatim.

I

Plaintiff's first argument is that the holding of the commission, that her rights under the tenure act were not violated by respondent, is contrary to the underlying policy of the act to "accord to tenured teachers rights equal to or greater than those enjoyed by probationary teachers."

In *Rockwell v Crestwood School Dist Bd of Ed*, 393 Mich 616, 632; 227 NW2d 736 (1975), app dis 427 US 901; 96 S Ct 3184; 49 L Ed 2d 1195 (1976), our Supreme Court, quoting from its previous decision in *Rehberg v Bd of Ed of Melvindale, Ecorse School Dist No 11*, 330 Mich 541, 545; 48 NW2d 142 (1951), summarized the following goals sought to be achieved by enactment of the teacher tenure act:

> to "maintain an adequate and competent teaching staff, free from political and personal arbitrary interference"; to promote "good order and the welfare of the State and of the school system by preventing removal of capable and experienced teachers at the personal whims of changing office holders"; and "to protect and improve State education by retaining in their positions teachers who are qualified and capable and who have demonstrated their fitness and to prevent the dismissal of such teachers without just cause."

See also *Tomiak v Hamtramck School Dist*, 138 Mich App 644; 360 NW2d 257 (1984), lv gtd 422 Mich 974 (1985).

This statement clearly indicates that in enacting this piece of legislation, the Legislature was primarily concerned with protecting qualified teachers against arbitrary dismissals. Moreover, the cases cited by petitioner in support of her position largely involve layoff and recall. However, as respondent notes, petitioner erroneously relies on such cases in maintaining that the act should be interpreted in a manner which grants favored status to tenured teachers over probationary teachers in all situations. Although the Legislature has provided certain benefits only to tenured teachers in order to promote the purposes of the act, the Legislature did not mandate that full-time positions be offered to part-time tenured teachers before they may be offered to nontenured teachers. This Court cannot add requirements which the Legislature has chosen to exclude from the act. A change of this character must come from the Legislature itself. *Steeby v Highland Park School Dist,* 56 Mich App 395, 398; 224 NW2d 97 (1974), lv den 393 Mich 802 (1975). Petitioner's argument is consequently without merit.

II

Petitioner also argues that respondent failed to "recall" her to the "vacancy" (the full-time kindergarten position), for which she was qualified and certified, in violation of Art IV, § 5 of the act, MCL 38.105; MSA 15.2005. This provision reads as follows:

> Any teacher on permanent tenure whose services are terminated because of a necessary reduction in personnel shall be appointed to the first vacancy in the school district for which he is certified and qualified.

The commission found that this statute was inapplicable to the instant case because petitioner's services had never been terminated due to a necessary reduction in personnel. We agree. Express, unambiguous language of the act may not be disregarded by the interpreter in deference to what he invokes is the spirit of the act. *Street v Ferndale Bd of Ed,* 361 Mich 82, 86-87; 104 NW2d 748 (1960); *LeGalley v Bronson Community Schools,* 127 Mich App 482, 486; 339 NW2d 223 (1983). As aptly noted by respondent, the plain language of this statute merely requires the recall of laid-off tenured teachers to vacancies within the school district. To find that petitioner had been laid off within the meaning of this provision because she initially accepted a part-time position although preferring a full-time position (as petitioner argued to the commission) would strain the express language of the statute.

Resolution of this issue on the basis that petitioner's services had never been terminated renders it unnecessary to consider petitioner's argument that the full-time kindergarten position was a "vacancy" contemplated by the quoted statute.

### III

Finally, petitioner argues that she was entitled to be assigned to the full-time position by virtue of the mandates of Art III, § 1 of the act, MCL 38.91; MSA 15.1991, which provides in part:

After satisfactory completion of the probationary period, a teacher shall be employed continuously by the controlling board under which the probationary period has been completed, and shall not be dismissed or demoted except as specified in this act.

MCL 38.74; MSA 15.1974 defines "demote" to mean "to reduce compensation or to transfer to a position carrying a lower salary." Petitioner argued unsuccessfully below that the board's failure to assign her to the full-time position was an improper demotion, but apparently has abandoned that claim on appeal.

Still, relying on the STC opinion in *Baretta v Plymouth-Canton Bd of Ed,* STC No. 82-62, petitioner argues that the commission erroneously rejected her claim that Art III, § 1, MCL 38.91; MSA 15.1991, required respondent to promote her to the full-time assignment ahead of the probationary teacher.

In *Baretta,* the petitioner was a full-time tenured teacher who voluntarily requested and was granted a transfer to a part-time teaching assignment. Subsequently, she filed a petition with the State Tenure Commission after a request to be returned to full-time employment was denied. The commission found that the petitioner's right to be reassigned to a full-time position was protected by Art III, § 1, *supra:*

> We find that this provision guarantees to a full-time teacher who satisfactorily completes the required probationary period, the right to continuous full-time employment in that school district . . . . It is clear that the mere interruption or termination of full-time employment does not by itself result in the loss of a full-time tenured teacher's right to a full-time position. We conclude, therefore, that a full-time tenured teacher, who requests and is granted a part-time position, does not relinquish his/her right to full-time employment merely by virtue of requesting and accepting the part-time employment. [STC Opinion, pp 6-7.]

Here, the commission declined to find that *Baretta* warranted reassignment of petitioner to full-time

status. It reasoned that just as the full-time teacher in *Baretta* was entitled to continuous full-time employment, the petitioner herein, a part-time teacher, was entitled to continuous part-time employment.

Although we decline at this time to respond to respondent's assertion that *Baretta* was erroneously decided, we nonetheless affirm the commission's conclusion below. We cannot interpret Art III, § 1, MCL 38.91; MSA 15.1991, as requiring anything more than that a tenured teacher be provided with continuous employment and not be dismissed or demoted except as otherwise specified in the act.

Petitioner was continuously employed by the respondent in a half-time position from the end of her probationary term until the time she finally obtained full-time status during the 1980-81 school year. In addition, she was never transferred to a position carrying a lower salary, thereby precluding a finding that she was demoted in violation of the act. Thus, petitioner's rights under Art III, § 1, MCL 38.91; MSA 15.1991, were not violated. Bearing in mind once again that this Court can not add what the Legislature has chosen to leave out from the act, this provision should not be construed as requiring that a part-time tenured teacher be transferred to a full-time position in preference to a non-tenured teacher.

Affirmed.