IMBRUNONE v INKSTER PUBLIC SCHOOLS

Docket No. 87175. Submitted February 5, 1987, at Detroit. Decided July 6, 1987.

Delores Imbrunone, who had obtained tenure as a Michigan teacher in 1974, was hired for the 1979-80 school year by a consortium of three school districts, including Inkster Public Schools, as an advisor for a school for gifted children. About a month or two into that school year, Imbrunone was asked to handle the administrative duties of the assistant director of the program. At the end of that year Imbrunone was informed that she would not be rehired because of the economic need to reduce personnel, however she was subsequently rehired as an advisor for the 1980-81 school year. At the end of that school year, Imbrunone was again informed that she would not be rehired. At that time the consortium was attempting to fill the positions of director and assistant director of the program. Imbrunone applied for those positions. The position of assistant director was given to a nontenured teacher. Imbrunone filed a petition with the State Tenure Commission, claiming that each of the member school districts had violated the provisions of the teacher tenure act when they failed to hire her to fill the vacant position of assistant director. Each school district denied that petitioner had obtained tenured status with it. The tenure commission held that petitioner had obtained tenured status, not only as a teacher but also as an advisor and assistant director, with each of the school districts making up the consortium, that each district had violated the provisions of the teacher tenure act by hiring a nontenured teacher to fill the position of assistant director and that petitioner was entitled to back pay. Inkster Public Schools sought review of the commission's determination in Wayne Circuit Court. The circuit court, Claudia House Morcom, J., affirmed. Inkster Public Schools appealed.

The Court of Appeals *held:*

REFERENCES

Am Jur 2d, Schools §§ 128 *et seq.*, *149 et seq.*

See the annotations in the Index to Annotations under Teachers and Instructors; Tenure.

1. As a matter of public policy, school districts will not be able to defeat the provisions of the teacher tenure act by claiming that teachers hired by a multidistrict consortium are not employees within the meaning of the tenure act of the respective school districts.

2. The tenure commission properly applied the economic reality test to determine whether each of the school districts making up the consortium had been an employer of the petitioner. The record supports the commission's determination that each of the districts was an employer of petitioner.

3. The school district failed to properly raise before the tenure commission the question whether petitioner, if she had obtained tenured status, had obtained tenured status as an assistant director and failed to create an appellate record upon which the Court of Appeals could make any independent determination. Accordingly, the question of the commission's determination that petitioner had tenure as an assistant director was not properly raised on appeal.

Affirmed.

SCHOOLS — TEACHER TENURE ACT — SCHOOL DISTRICT CONSORTIUM.

A teacher hired by a consortium of school districts may be found to be employed by each of the member school districts for the purpose of determining tenure where each school district is involved in the hiring of, payment of wages to, dismissal of and control of the work performed by teachers hired by the consortium.

*Hiller, Larky & Hoekenga* (by *Steven J. Amberg*), for plaintiff.

*James & Associates, P.C.* (by *Sylvia A. James*), for defendant.

Before: WAHLS, P.J., and M. J. KELLY and C. W. SIMON,* JJ.

PER CURIAM. Inkster Public Schools appeal as of right from an order of the circuit court affirming a decision of the State Tenure Commission, which awarded petitioner permanent tenure as a classroom teacher, advisor and assistant director in

* Circuit judge, sitting on the Court of Appeals by assignment.

three school districts, including Inkster Public Schools. The tenure commission also awarded petitioner lost salary. We affirm.

According to the commission's factual findings, which we accept because they are supported by competent, material and substantial evidence on the whole record, *Beebe v Haslett Public Schools (After Remand),* 406 Mich 224, 231; 278 NW2d 37 (1979), petitioner obtained tenure as a Michigan teacher in 1974, after having taught for two school years in the Cadillac Public School system. MCL 38.81; MSA 15.1981. In 1979, petitioner was hired by a consortium of three school districts which included Westwood, Inkster and Cherry Hill. Petitioner was hired for the 1979-80 school year as an advisor, a nonclassroom position, at a magnet school for gifted and talented children from the three participating school districts. The project was funded by the federal government until September of 1982, at which time it ceased operation.

About a month or two into the 1979-80 school year, petitioner was asked to perform some administrative duties which were expected to consume about ten percent of her time. Petitioner was paid an additional annual stipend of $2,000. The administrative duties delegated to petitioner were those of assistant director, a position new to the program. Petitioner testified that she spent approximately fifty percent of her time in this administrative capacity.

Petitioner worked without a contract during the 1979-80 school year, and was informed at the end of that year that she would not be rehired because of the economic need to reduce personnel. She was subsequently rehired as an advisor for the 1980-81 school year. During that year petitioner did not

perform any of her former duties as assistant director.[1]

At the close of the second school year, petitioner was again informed that she would not be rehired due to a reduction in personnel. At that time, the consortium was attempting to fill vacancies for the positions of director and assistant director, and petitioner submitted her name for consideration. The position of assistant director was subsequently filled by a nontenured teacher who had just completed her first year of probation.

Petitioner filed a petition with the State Tenure Commission, claiming that the districts violated the teacher tenure act, MCL 38.71 *et seq.;* MSA 15.1971 *et seq.,* when they failed to hire her to fill the vacant position of assistant director, a position for which she was certified and qualified. MCL 38.105; MSA 15.2005. The three districts defended separately. Following a hearing, the tenure commission held that, upon completion of the 1979-80 school year, petitioner had obtained permanent tenure in all three school districts, MCL 38.92; MSA 15.1992, and that she was tenured not only as a classroom teacher but also as an advisor and assistant director. Based on these findings, the commission concluded that the districts violated MCL 38.105; MSA 15.2005 when they hired a nontenured teacher to fill the position of assistant director during the last year of the program. Only respondent Inkster Public Schools appealed this decision to the circuit court, which affirmed.

On appeal to this Court, respondent argues that the commission erred in finding that all three districts were petitioner's employers for purposes

---

[1] Although not stated by the commission in its findings, testimony taken at the administrative hearing suggests that the position of assistant director was made into a full-time position and was filled by another individual during the 1980-81 school year.

of determining tenure. According to respondent, the teacher tenure act was not intended to apply to employees hired by consortium projects such as the magnet school in this case. Under respondent's interpretation of the act, teachers hired into multi-district programs would be denied the employment security afforded through tenure. Since the purpose of the teacher tenure act is to protect Michigan teachers from arbitrary employment practices, *Wilson v Flint Bd of Ed,* 361 Mich 691; 106 NW2d 136 (1960), we reject respondent's argument on public policy grounds. We hold that the tenure act does apply to teachers hired for programs which are operated by multiple school districts, so long as the position for which the teacher is hired requires certification.

Respondent also challenges the commission's finding that petitioner was employed by all three districts rather than just one. The commission reached this conclusion by applying its economic reality test, which involves analysis of six factors:

> 1) the power to select and hire, 2) payment of wages, 3) the power to dismiss, 4) the power to control the manner in which the work is performed, 5) whose work is being done, and 6) whether the work being done is an integral part of the claimed employer's business.

We approve the commission's use of this test in the instant context. Evidence introduced at the administrative hearing reveals that the magnet school was funded in large part by a federal grant, awarded on behalf of the three districts. The grant required a consensus of all three districts regarding expenditure of the funds. Staffing and salary decisions were made by a planning group comprised of the superintendents of each of the three

districts. None of the districts by itself had the authority to hire or discharge employees or develop terms and conditions of employment for the staff of the program. The commission's findings are supported by evidence on the whole record and its conclusion that petitioner was hired by all three districts is consistent with the law.

Respondent also challenges the commission's award of tenure as assistant director, asserting that tenure, if any, earned by petitioner must be limited to the positions of classroom teacher and advisor. Respondent apparently never presented this issue to the tenure commission, as suggested in the following passage of its opinion:

> Appellant claims that she attained tenure status as a classroom teacher, as an advisor, and as an assistant director by virtue of her employment with the Magnet Project during the 1979-80 school year. Appellant further asserts that because appellees were joint employers, she gained tenure status with each district. Appellees deny they are the employers and maintain that appellant could not acquire tenure in any capacity within the Magnet Project since it is not a controlling board or a school district within the definitions of the Tenure Act. *Appellees have not addressed the question of what tenure status appellant may have attained should any or all of them be found to be her employer.* [Emphasis added.]

We generally do not review issues raised for the first time on appeal. *Balogh v Flat Rock,* 152 Mich App 517, 520; 394 NW2d 1 (1985). Even where, as here, the question first presented on appeal is one of law, we require all of the material facts. Because we do not have before us the commission record (which apparently includes a set of "stipu-

lated facts"),[2] we decline to review the commission's decision regarding the type of tenure earned by petitioner. We point out that in *Poland v Grand Ledge Public Schools Bd of Ed,* 156 Mich App 691; 402 NW2d 70 (1986), another panel of this Court determined that a part-time tenured teacher is not entitled to priority consideration for a full-time vacancy within the same district. The opinion in *Poland, supra,* lends support to the position taken by Marian Gibson, member of the tenure commission, in her dissent in the instant case.

Affirmed on the grounds presented.

---

[2] Included in the circuit court record is a copy of the commission's opinion and decision and a copy of the transcript of a hearing conducted before the commission on December 16, 1982, but no "stipulated facts."