STOLPER v DEPARTMENT OF TREASURY

Docket No. 92546. Submitted January 12, 1987, at Lansing. Decided November 16, 1987.

Warren Stolper and Jane Stolper, husband and wife, petitioned in the Michigan Tax Tribunal, Small Claims Division, for the review of an assessment by respondent, Michigan Department of Treasury, following respondent's disallowance of petitioners' claimed property tax credit for the 1983 tax year. The issue presented is whether a Michigan resident, Jane Stolper, is required to include the income of her nonresident husband, Warren Stolper, in computing the total household income for property tax credit purposes. The facts indicate that the petitioners filed a joint federal income tax return. They also filed a joint Michigan individual income tax return and general homestead property tax credit claim. On the Michigan income tax return, the petitioners reported their joint adjusted gross income as reported on their federal income tax return but allocated only the income of Jane Stolper to Michigan in computing their taxable income. On the property tax claim, the petitioners only reported the income of Jane Stolper, resulting in a property tax credit which was claimed on the petitioners' joint return. The department disallowed the credit claimed because petitioners' combined income exceeded the income limitation for property tax credits. Petitioners thereafter filed an amended Michigan tax return proclaiming Warren Stolper as a "non-filer" and Jane Stolper as "married, filing separately." The department again denied the claim for property tax credit absent proof that the petitioners also amended their federal income tax return to change their filing status to

REFERENCES

Am Jur 2d, State and Local Taxation §§ 451, 452, 461, 530, 549, 551, 594.

Classification, as real estate or personal property, of mobile homes or trailers for purposes of state or local taxation. 7 ALR4th 1016.

Validity of statute or ordinance giving property tax exemption or favorable property tax rate to older persons. 45 ALR3d 1147.

Legislative power to exempt from taxation property, purposes, or uses additional to those specified in constitution. 61 ALR2d 1031.

"married, filing separately." The Tax Tribunal affirmed the department's assessment. Jane Stolper appealed.

The Court of Appeals *held:*

1. The Michigan Income Tax Act evidences an intent that once a husband and wife elect to file a joint federal income tax return the act will treat them as the "taxpayer" and also require them to file a joint Michigan income tax return.

2. The "claimant" for property tax credit purposes is defined as including a husband and wife if they are required to file a joint Michigan income tax return.

3. The tax act unambiguously requires that a spouse be included in the definition of a "household," whether or not that spouse is a claimant. Therefore, that spouse's income must be included in computing the amount of property tax credit.

Affirmed.

1. Taxation — Income Tax — Property Tax Credits.

The property tax credit provisions of the Michigan Income Tax Act create a property tax rebate program that is primarily designed to relate local property taxes to income or the ability to pay those taxes, rather than the actual value of the property taxed (MCL 206.1 *et seq.*; MSA 7.557[101] *et seq.*).

2. Taxation — Income Tax — Property Tax Credits.

It is the intent of the property tax credit provisions of the Michigan Income Tax Act to limit a claimant to claiming a credit for one homestead (MCL 206.530[2]; MSA 7.557[1530][2]).

3. Taxation — Property Tax Credits — Claimant.

A "claimant" for property tax credit purposes includes a husband and wife if they are required to file a joint state income tax return (MCL 206.504[2]; MSA 7.557[1504][2]).

4. Taxation — Income Tax — Husband and Wife — Joint Returns.

The Michigan Income Tax Act provides that taxpayers who are husband and wife and who file a joint federal income tax return pursuant to the Internal Revenue Code must file a joint Michigan income tax return (MCL 206.2[1], 206.311; MSA 7.557[102][1], 7.557[1311]).

5. Taxation — Income Tax — Taxpayer.

The Michigan Income Tax Act defines "taxpayer" in terms of any "person," which is further defined as any individual, firm, association, corporation, receiver, estate, trust or any other group or combination acting as a unit, and the plural as well as the singular number (MCL 206.16; MSA 7.557[116]).

6. TAXATION — INCOME TAX — JUDICIAL CONSTRUCTION.
  Words used in the Michigan Income Tax Act in the singular number include the plural number and vice versa when not inconsistent with the context in which they are used (MCL 206.2[1]; MSA 7.557[102][1]).

7. TAXATION — INCOME TAX — INCOME SUBJECT TO TAX.
  It is the intent of the Michigan Income Tax Act that the income subject to tax be the same as defined and applicable to the subject taxpayer in the Internal Revenue Code, except as otherwise provided (MCL 206.2[3]; MSA 7.557[102][3]).

Warren Stolper, in propria persona, and *Fraser, Trebilcock, Davis & Foster, P.C.* (by *Douglas J. Austin*), for petitioners.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Richard R. Roesch* and *Russell E. Prins,* Assistant Attorneys General, for respondent.

Before: D. E. HOLBROOK, JR., P.J., and WAHLS and G. W. CROCKETT, III,* JJ.

D. E. HOLBROOK, JR., P.J. This case involves an appeal as of right from a decision of the Michigan Tax Tribunal, Small Claims Division, affirming a Michigan Department of Treasury individual income tax assessment of $908.27, plus accrued interest, for tax year 1983. The sole issue is whether a Michigan resident is required to include the income of his or her nonresident spouse in computing total "household income" for property tax credit purposes. The amount of the property tax credit in controversy is $678.38.

The facts are not in dispute. During tax year 1983, petitioner Jane Stolper was a resident of the State of Michigan and was employed by Michigan

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

State University. Her husband, petitioner Warren Stolper, was a resident of the State of Wisconsin where he practiced law and taught.

For tax year 1983, Jane and Warren Stolper filed a joint federal income tax return, reporting "joint" adjusted gross income of $113,183.78. They also filed a "joint" Michigan individual income tax return and general homestead property tax credit claim. On the Michigan income tax return, the Stolpers reported their joint adjusted gross income as reported on their federal income tax return, but allocated only the income of Jane Stolper to Michigan in computing their "taxable income." On the general homestead property tax claim, Schedule of Household Income, the Stolpers only reported the income of Jane Stolper, resulting in a property tax credit of $678.38, which was claimed by the Stolpers on their joint income tax return. The department disallowed the property tax credit claimed because the Stolpers' combined income exceeded the income limitation for property tax credits established by § 520(8) of the Michigan Income Tax Act (MITA), MCL 206.1 et seq.; MSA 7.557(101) et seq. Applying the formula of § 520(8), the department computed the Stolpers' property tax credit as "0."

On May 6, 1985, the department issued a final "corrected" assessment for $908.27, consisting of the $678.38 disallowed property tax credit and a $229.89 computational error discovered on the Stolpers' income tax return, plus accrued interest. Liability for the $229.89 is not disputed. On July 21, 1985, the Stolpers filed a petition for review of the assessment in the Michigan Tax Tribunal, Small Claims Division. A hearing on the petition was held on March 10, 1986, without any transcript being taken.

In a letter and amended income tax return

dated March 18, 1986, Warren Stolper "revoked" the original joint Michigan income tax return filed by the Stolpers and proclaimed his status as a "non-filer" for tax year 1983. The amended return was filed by Jane Stolper under the status of "married, filing separately." A $678.38 property tax credit was claimed, leaving a tax liability of $229.89. In a letter to the Tax Tribunal dated April 8, 1986, the department denied the claims on the amended return, absent proof that the Stolpers also amended their federal income tax return to change their filing status to "married, filing separately."

On April 30, 1986, the Michigan Tax Tribunal entered an opinion affirming the final assessment issued by the department. The Tax Tribunal construed the MITA as requiring a husband and wife filing a joint federal income tax return to also file a joint Michigan income tax return. Since the "claimant" for property tax credit purposes was specifically defined as including a husband and wife required to file a joint Michigan income tax return, it was reasoned that the Stolpers were the "claimant." As such, the Tax Tribunal determined that the MITA demanded that both of their incomes be considered in computing the property tax credit.

On appeal, petitioner Jane Stopler contends that since Warren Stolper was not a "Michigan taxpayer," as that term is defined in the MITA, he cannot be compelled to file a joint Michigan income tax return with his wife, Jane Stolper, who is a Michigan taxpayer. Additionally, Jane Stopler contends that since Warren Stolper is not a member of Jane Stolper's household the department erred as a matter of law in considering Warren's income in the property tax credit computation. We disagree.

This Court's review of Tax Tribunal decisions is limited to determining whether they are authorized by law and whether the factual findings are supported by competent, material, and substantial evidence on the whole record. *MCI Telecommunications Corp v Dep't of Treasury,* 136 Mich App 28, 30; 355 NW2d 627 (1984), lv den 422 Mich 883 (1985); Const 1963, art 6, § 28.

Here, only an issue of law is involved. Resolution of the issue requires construction of chapter 9 of the MITA, MCL 206.501 *et seq.*; MSA 7.557(1501) *et seq.*, which governs property tax credits. The primary object of judicial construction is to ascertain and give effect to the legislative intent. The language of the statute is the best source for asserting intent. *In re Condemnation of Lands,* 133 Mich App 207, 210-211; 349 NW2d 261 (1984), lv den 421 Mich 856 (1985). If an act is clear and unambiguous, then judicial construction or interpretation is unwarranted. *Lake Carriers' Ass'n v Director of the Dep't of Natural Resources,* 407 Mich 424, 429; 286 NW2d 416 (1979).

The property tax credit provisions of the MITA create a property tax *rebate* program that is primarily designed to relate local property taxes to income or the ability to pay those taxes, rather than the actual value of the property taxed. *Butcher v Dep't of Treasury,* 425 Mich 262, 274-275; 389 NW2d 412 (1986); app dis — US —; 107 S Ct 864; 93 L Ed 2d 821 (1987). The actual credit which is allowed is the result of two independent variables, household income and property tax liability. *Rosenbaum v Dep't of Treasury,* 77 Mich App 332; 258 NW2d 216 (1977), lv den 402 Mich 826 (1977). The credit relates to the property tax assessed on the "homestead," which is defined, in pertinent part, as a "dwelling or unit in a multiple-unit dwelling which is subject to ad valorem

taxes." MCL 206.508(2); MSA 7.557(1508)(2). The formula for computing the property tax credit is set forth in MCL 206.522; MSA 7.557(1522), subject to two significant limitations. One limitation, MCL 206.520(8); MSA 7.557(1520)(8), was added in 1982 when the Legislature enacted 1982 PA 269. It provides for a formulary reduction in the allowable credit, after the claimant's household income reaches the level prescribed by the statute. The other significant limitation is contained in MCL 206.530(2); MSA 7.557(1530)(2), which states:

> (2) If a homestead is occupied for less than a 12-month period, the credit computation shall be proportional to the period of occupancy. A claimant shall not occupy more than 1 homestead at 1 time. If more than 1 homestead is occupied during the tax year, the credit computation shall be proportional to the period of occupancy of each homestead, but not for a total period of more than 1 year.

In this case, the Stolpers were maintaining two independent residences, one of which was located outside the State of Michigan. There is no specific provision of the MITA which addressed the situation where spouses elect to maintain and occupy separate residences, whether inside or outside the state. In view of the above two limitations imposed by the MITA and the purpose of the property tax credit provision, it appears unlikely that the Legislature would have intended that a spouse be able to claim a property tax credit under this situation, without imposing some type of limitation. To ascertain the legislative intent, other provisions of the MITA must be considered. It is well settled that an act must be read in its entirety and the meaning given to one section arrived at after due consideration of the other sections so as to produce, if

possible, a harmonious and consistent enactment as a whole. *King v Director of the Midland Co Dep't of Social Services,* 73 Mich App 253, 258; 251 NW2d 270 (1977).

Chapter 9, § 504 of the MITA defines the "claimant" for property tax credit purposes as follows:

> (2) "Claimant" means an individual natural person who filed a claim under this chapter and who was domiciled in this state during at least 6 months of the calendar year preceding the year in which the claim is filed under this chapter *and includes a husband and wife if they are required to file a joint state income tax return.* [MCL 206.504(2); MSA 7.557(1504)(2).]

Section 311 of the MITA, which governs joint income tax returns, states, in pertinent part:

> (3) Taxpayers who are husband and wife and who file a joint federal income tax return pursuant to the internal revenue code shall file a joint return. [MCL 206.311; MSA 7.557(1311).]

According to § 2 of the MITA, which sets forth general rules for construing the MITA, the use of the term "shall" is always mandatory. MCL 206.2(1); MSA 7.557(102)(1).

The Stolpers are husband and wife and filed a joint federal income tax return. Therefore, the clear language of § 311(3) seems to mandate that they file a joint state income tax return. Petitioner Jane Stolper contends, however, that such a construction is erroneous because "taxpayer" is defined in § 26 of the MITA as "any person subject to the taxes imposed by this act . . . ." Since Warren Stolper is not subject to income taxation in Michigan, it is contended that he is not a "taxpayer," as that term is defined, and thus cannot be compelled

to file a Michigan income tax return. This contention is sophistical in that it defines the term "taxpayer" out of context and fails to consider that Jane Stolper indisputably is required to file a Michigan individual income tax return and must do so in the form and content prescribed by the commissioner. See MCL 206.311(1); MSA 7.557(1311)(1). Additionally, "taxpayer" is defined in § 26 in terms of any "person," which is further defined as "any individual, firm, association, corporation, receiver, estate, trust or any other group or combination acting as a unit, and the plural as well as the singular number." MCL 206.16; MSA 7.557(116). As a general rule of construction and when not inconsistent with the context, words used in the MITA in the singular number include the plural number, and words used in the plural include the singular number. MCL 206.2(1); MSA 7.557(102)(1). It is the intent of the MITA that the income subject to tax be the same as defined and applicable to the subject taxpayer in the Internal Revenue Code, except as otherwise provided. MCL 206.2(3); MSA 7.557(102)(3).

Applying these principles to this case, it can be seen that the statutory scheme evidences an intent that once the husband and wife elect to file a joint federal income tax return the MITA will treat them as the "taxpayer," whether or not that term is used singularly or in the plural. Under § 311(3), a joint state income tax return is required. The "taxable income" which is reportable on the joint income tax return is the same as adjusted gross income, as defined in the Internal Revenue Code, subject to certain listed adjustments. MCL 206.30; MSA 7.557(130). One adjustment, MCL 206.30(1)(k); MSA 7.557(130)(1)(k), permits the taxpayer to allocate and apportion income as provided in chapter 3 of the MITA, MCL 206.102 *et seq.*;

MSA 7.557(1102) *et seq.* The application of those adjustments to Warren Stolper's nonresident individual income resulted in his income not being subject to income taxation in Michigan.

However, the income tax scheme is separate and distinct from the property tax credit program. The property tax taxpayer will receive the credit whether or not there is income tax liability. *Butcher, supra,* p 275. The income tax return is used only as a vehicle for reconciling the property tax credit. *Id.,* p 276. As previously discussed, the "claimant" for property tax credit purposes is defined as including a husband and wife if they are required to file a joint Michigan income tax return. Having concluded that Jane Stolper was required to file a joint Michigan income tax return, including the income of her husband, the MITA mandates that the Stolpers be treated as the "claimant" for property tax credit purposes. Other provisions of chapter 9 of the MITA show that the Legislature intended that the spouse's income be considered in computing the property tax credit even if the spouse is not a "claimant." In § 508(3), "household" is defined as a "claimant and spouse." "Household income" is defined as "all income received by all persons of a household in a tax year while members of a household." MCL 206.508(4); MSA 7.557(1508)(4). Section 510(1) defines "income" as meaning the sum of federal adjusted gross income as defined in the Internal Revenue Code, subject to certain specified adjustments. Since the Legislature unambiguously requires that a spouse be included in the definition of a "household," whether or not that spouse is a claimant, it seems clear that the spouse's income must be included in computing the amount of property tax credit. The legislative intent being clear, the MITA must be applied according to its terms. This con-

struction is consistent with the intent of the property tax credit program to relate the property tax to income or the ability to pay, and with § 530(2), which limits a claimant to claiming a credit for one homestead.

In conclusion, the Tax Tribunal's construction of the property tax provision of the MITA was correct. The petitioners were not entitled to a property tax credit. No error of law occurred.

Affirmed.