SAID v DEPARTMENT OF TREASURY

Docket No. 216994. Submitted February 14, 2001, at Detroit. Decided April 27, 2001, at 9:20 A.M.

Hussein Said filed a petition in the Tax Tribunal to appeal an assessment of 1989 Michigan income taxes, interest, and penalties by the Michigan Department of Treasury, which levied the assessment after the petitioner failed to file a 1989 state income tax return or explain why one was not due in response to an inquiry made by the respondent after it discovered that the petitioner had filed a 1989 federal tax return indicating a Dearborn post office box as his address. The Tax Tribunal affirmed the assessment, deciding that the petitioner, a naturalized United States citizen who divided his time between family in his native Yemen and work as a seaman aboard ships on the Great Lakes, was a resident of Michigan, not Yemen. The petitioner appealed.

The Court of Appeals *held*:

1. The Tax Tribunal made an error of law in presuming that the petitioner abandoned his Yemen residence when he became a United States citizen. Contrary to the Tax Tribunal's presumption, it does not necessarily follow that the petitioner abandoned his domicile in Yemen when he came to the United States. Satisfying the residency requirement for purposes of obtaining naturalized citizenship does not necessarily mean that foreign domicile is abandoned for tax purposes.

2. The Tax Tribunal erred in concluding that the petitioner must have been a resident of one of the United States in order to be naturalized. Naturalization requires residency in the United States, not in a state, for at least half of the five-year period preceding the petition for naturalization. 8 USC 1427. Service on board a vessel whose home port is the United States, a vessel that is registered under the laws of the United States, or a vessel that is fully owned by a citizen or corporation of the United States, is deemed residency in the United States if service occurs within five years immediately preceding the filing of a petition for naturalization. 8 USC 1441.

Reversed.

TAXATION — STATE INCOME TAX — MICHIGAN RESIDENCY.

> United States citizenship through naturalization no longer requires a
> court finding that the applicant intends to reside permanently in
> the United States; Michigan residency for state income tax pur-
> poses cannot be presumed for a naturalized United States citizen
> who claims residency in his native country and files a federal
> income tax return that indicates a Michigan post office box as the
> person's address (8 USC 1449; MCL 206.18[1][a]).

*Bassey and Selesko, P.C.* (by *Dennis C. Modzelew-ski*), for the petitioner.

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Gerald A. Whalen*, Assistant Attorney General, for the respondent.

Before: SMOLENSKI, P.J., and JANSEN and FITZGERALD, JJ.

PER CURIAM. Petitioner Hussein Said[1] appeals as of right from a judgment of the Tax Tribunal requiring petitioner to pay state income taxes assessed against him for the tax year 1989. We reverse.

Petitioner was born in Yemen in 1939 and first came to the United States, specifically Youngstown, Ohio, in 1967. He became a United States citizen in 1973. Petitioner had been married since 1962, had several children, and, according to him, would visit Yemen every year or two, staying for six to twelve months at a time. While in the United States, petitioner worked in several places, including California, Colorado, and Michigan. Petitioner ultimately became a seaman working on the Great Lakes beginning in 1969.

---

[1] Hussein Said's wife, Jamelah Said, is also listed as a petitioner; however, she died in 1990. For convenience, we will refer to Hussein Said as "petitioner" in the singular.

In 1990, petitioner filed a 1989 federal income tax return (form 1040) with the Internal Revenue Service (IRS) and used a post office box in Dearborn, Michigan, as his address. Petitioner did not file a Michigan income tax return for 1989. From a delinquent match program that respondent has with the IRS, respondent discovered that petitioner did not file a Michigan state income tax return for 1989, although he filed a federal income tax return listing the Dearborn post office box as his address. Petitioner was sent a request for Michigan Income Tax Return (form C-4323) on October 10, 1994. Respondent contends that petitioner never responded to this questionnaire, while petitioner maintains that he did respond through counsel. In any event, on March 27, 1995, respondent assessed state income tax against petitioner as a Michigan resident for the tax year 1989.

Following a petition to the Tax Tribunal, a hearing was held on January 21, 1998, and the Tax Tribunal issued an opinion and judgment on December 23, 1998. The Tax Tribunal found that petitioner abandoned his domicile in Yemen when he came to the United States and simultaneously acquired a new domicile in the United States. The Tax Tribunal further found that because petitioner presented no evidence reestablishing residence in Yemen, it could not conclude that petitioner is a resident of Yemen. Having determined that petitioner was not a resident of Yemen, the Tax Tribunal then found that petitioner did not rebut the presumption of his Michigan residency created when petitioner signed and filed a federal income tax return stating a Michigan address. The Tax Tribunal ultimately ruled that petitioner did not meet his burden of refuting the income tax

assessment and affirmed the final assessment of $1,045, plus interest and penalties.

The question in this case is whether the Tax Tribunal correctly determined that petitioner is a Michigan resident so that he was properly assessed state income taxes for 1989. The standard of appellate review is provided for in our constitution:

> All final decisions, findings, rulings and orders of any administrative officer or agency existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses, shall be subject to direct review by the courts as provided by law. This review shall include, as a minimum, the determination whether such final decisions, findings, rulings and orders are authorized by law; and, in cases in which a hearing is required, whether the same are supported by competent, material and substantial evidence on the whole record. [Const 1963, art 6, § 28.]

See also *Kadzban v City of Grandville*, 442 Mich 495, 502-503; 502 NW2d 299 (1993).

MCL 206.18(1)(a) defines "resident" for tax purposes:

> "Resident" means:
>
> An individual domiciled in the state. "Domicile" means a place where a person has his true, fixed and permanent home and principal establishment to which, whenever absent therefrom he intends to return, and domicile continues until another permanent establishment is established. If an individual during the taxable year being a resident becomes a nonresident or vice versa, taxable income shall be determined separately for income in each status. If an individual lives in this state at least 183 days during the tax year or more than 1/2 the days during a taxable year of less than 12 months he shall be deemed a resident individual domiciled in this state.

The Tax Tribunal ruled with regard to residency:

> Petitioner abandoned his old domicile in Yemen when he came to the U. S. He also simultaneously acquired a new domicile in the U. S., and established a physical presence in the U. S. This is evident from the federal court's determination in 1973 [when petitioner became a citizen] that Petitioner intended to reside permanently in the U. S. . . . Since Petitioner presented no evidence reestablishing residence in Yemen, the Tribunal cannot conclude that Petitioner is a resident of Yemen.

Indeed, the crux of the Tax Tribunal's ruling with regard to residency was that petitioner abandoned his residence in Yemen when he became a United States citizen because his certificate of naturalization had to contain a statement that the court found that petitioner intended to reside permanently in the United States pursuant to 8 USC 1449. As correctly noted by petitioner, however, this statute was amended in 1994 to eliminate the provision requiring a court to find that an applicant for citizenship intend to reside permanently in the United States. PL 103-416, § 104(a), 108 Stat 4305.

We find that the Tax Tribunal made an error of law in presuming that when petitioner became a United States citizen, he abandoned his Yemeni residence. Contrary to the Tax Tribunal's presumption, it does not necessarily follow that petitioner abandoned his domicile in Yemen when he came to the United States. Satisfying the residency requirement for purposes of obtaining naturalized citizenship does not necessarily mean that foreign domicile is abandoned for tax purposes. Here, we note that petitioner's wife and children remained in Yemen all the while that petitioner was in the United States.

Further, residency for purposes of naturalization does not require residency in a state. In this regard, the Tax Tribunal relied heavily on the former requirement that the federal court found that petitioner intended to reside permanently in the United States when he became a naturalized citizen. The Tax Tribunal further indicated that petitioner filed state income tax returns during his first two years in the United States, but that in 1969 petitioner still had three years before meeting his five-year residency requirement for citizenship and the Tax Tribunal "does not know how this requirement could have been met without Petitioner residing in a state." Under 8 USC 1427, a person petitioning for naturalization must reside in the United States for at least half the time during the preceding five-year period and for at least six months within the state in which the petition was filed. Here, petitioner was naturalized in Toledo, Ohio.

Further, pursuant to 8 USC 1441, any periods an alien "admitted for permanent residence" has served "on board a vessel whose home port is in the United States," where the vessel is either registered under the laws of the United States or is fully owned by a citizen or corporation of the United States, "shall be deemed residence and physical presence within the United States . . . if such service occurred within five years immediately preceding the date such person shall file an application for naturalization." Thus, the federal naturalization scheme recognizes residency stemming from service aboard American ships and makes no mention of residing in a state.

Additionally, residing permanently in the United States does not mean residing exclusively. Neither the Tax Tribunal nor respondent has cited any authority

for the proposition that one may not fulfill legally the residency requirement for purposes of naturalization while still maintaining foreign residency for other purposes. Therefore, the Tax Tribunal's conclusion that petitioner must have been a resident of a state in order to satisfy the residency requirement is an error of law inasmuch as the federal statutes do not require residency in a state to become a naturalized citizen.[2]

Thus, not only is the Tax Tribunal's conclusion that petitioner abandoned his residence in Yemen when he became a United States citizen flawed logically, so too is the conclusion that petitioner had to be a resident of a state in order to become naturalized. Further, these conclusions in and of themselves again do not necessarily lead to the conclusion that petitioner was a resident of the state of Michigan. Here, records provided by the United States Coast Guard showed that petitioner worked on board a ship for 231 days in 1988, 258 days in 1989, and 237 days in 1990. Coast Guard records also indicate that petitioner embarked on a ship on March 14, 1989, in Toledo, Ohio, and disembarked on March 22, 1989, in Sault Ste. Marie, Michigan. He again embarked on April 3, 1989, in Trenton, Michigan, and remained on the ship until September 26, 1989, when he disembarked in Sturgeon Bay, Wisconsin. He embarked again on October

---

[2] Here, we note the United States Supreme Court's decision in *The Slaughter-House Cases*, 83 US 36, 74; 21 L Ed 394 (1872), where the Supreme Court held:

> Not only may a man be a citizen of the United States without being a citizen of a State, but an important element is necessary to convert the former into the latter. He must reside within the State to make him a citizen of it, but it is only necessary that he should be born or naturalized in the United States to be a citizen of the Union.

1, 1989, in Sturgeon Bay and disembarked on December 11, 1989, in Trenton, Michigan. Petitioner testified that he resided with his friend, Mohammed Said, in Buffalo, New York, when not aboard the ship. With regard to the use of a Dearborn post office box, the sole evidence used by respondent to assess income taxes for 1989, petitioner testified that the post office box belonged to a friend and that it was more convenient to use a post office box in the Detroit area because there is a maritime mailing service in Detroit where mail is taken directly to the ships and this is one of the few such services on the Great Lakes. Further, the Tax Tribunal's flawed assumptions about petitioner necessarily abandoning his domicile in Yemen when he became a United States citizen lead to a distorted discounting of its own acknowledgment that petitioner's wife, children, and important possessions all remained in Yemen.

Consequently, we hold that the Tax Tribunal erred as a matter of law in presuming that petitioner abandoned his Yemeni residence when he became a United States citizen and that the five-year residency requirement for naturalization meant that petitioner must have resided in a state for five years. These conclusions made by the Tax Tribunal are contrary to the federal residency statutes as previously noted. Therefore, the Tax Tribunal erred in its initial ruling that petitioner was not a resident of Yemen because he abandoned that residency when he became a naturalized citizen. Because there is no underlying establishment of domicile in Michigan as set forth in MCL 206.18(1)(a), a conclusion that the Tax Tribunal seemed to make on the basis of its erroneous presumptions that petitioner abandoned his residence in

Yemen when he became a United States citizen and that the five-year residency requirement for naturalization meant residing in a state for five years, we need not address the Tax Tribunal's ruling that petitioner failed to rebut the presumption of residency.

The Tax Tribunal's judgment assessing state income tax against petitioner is reversed.