O’Connell, J.
 

 Petitioners, William C. Stege and Chenie Stege, appeal as of right the Tax Tribunal’s
 
 *186
 
 November 6, 2000, judgment denying petitioners a Michigan homestead exemption from their property taxes and reversing the hearing referee’s decision granting the exemption. The tribunal held that Michigan law allows only one homestead exemption and that petitioners had already claimed one for their Illinois home, where they had filed income tax returns as residents. We reverse.
 

 I. FACTS AND PROCEEDINGS
 

 The parties stipulated the following facts. In 1983, petitioners married and bought the homestead at issue, a house in Suttons Bay. Petitioners have never legally separated, but William’s occupied principal residence is in Villa Park, Illinois, near his workplace in Chicago. However, it is undisputed that the Suttons Bay home is Cherrie’s continuous principal residence, and she operates a business from there. According to petitioners, Cherrie must reside in Suttons Bay to retain custody of her children from her previous marriage. In tax years 1994 and 1995, petitioners jointly filed Michigan income tax returns as nonresidents and used William’s Illinois address as their return address. Moreover, on the Michigan returns, petitioners claimed a Michigan homestead exemption each year for Cherrie’s Suttons Bay home.
 
 [1]
 
 In 1994 and 1995, petitioners reported on their joint federal tax return that 26.48 percent of Cherrie’s Suttons Bay home was used for business purposes. Finally, petitioners claimed on their 1994 and 1995 resident Illinois state income tax returns a property tax credit toward their income tax liability for the Illinois home.
 
 *187
 
 See 35 Illinois Compiled Statutes, 5/208. Respondent, Department of Treasury, Division of Local Property-Homestead, initially disallowed the Michigan homestead exemption for tax years 1994 and 1995 because petitioners had jointly filed income tax returns as nonresidents and because they had already claimed a homestead property tax credit on their income taxes in Illinois. Following petitioners’ request for an informal conference, respondent upheld the denial of the exemption on May 12, 1999. Petitioners appealed to the Small Claims Division of the Tax Tribunal on June 1, and the hearing referee reversed. Respondent’s request for rehearing was heard on August 16, 2000, and the tribunal ultimately denied the exemption on November 6, finding in favor of respondent. Petitioners now appeal as of right.
 

 R. STANDARD OF REVIEW
 

 The discrete issue in this case is whether a married couple jointly filing income taxes in Michigan as nonresidents may claim a Michigan homestead exemption from property taxes if only one spouse is in fact a Michigan resident and the couple has already claimed a property tax credit on their income tax return in another state for a home in that state where they had filed their income tax return as residents.
 

 Generally, a statutory interpretation issue is considered de novo on appeal, as a question of law.
 
 Oakland Co Bd of Co Rd Comm’rs v Michigan Property & Casualty Guaranty Ass’n,
 
 456 Mich 590, 610; 575 NW2d 751 (1998). However, specifically:
 

 This Court’s authority to review a decision of the Tax Tribunal is very limited. In the absence of an allegation of
 
 *188
 
 fraud, this Court’s review ... is limited to determining whether the tribunal committed an error of law or adopted a wrong legal principle. The tribunal’s factual findings will not be disturbed as long as they are supported by competent, material, and substantial evidence on the whole record.
 
 [Michigan Milk Producers Ass’n v Dep’t of Treasury,
 
 242 Mich App 486, 490-491; 618 NW2d 917 (2000) (citations omitted).]
 

 m. ANALYSIS
 

 We review a final agency determination on the basis of the entire record, not just portions that support the agency’s findings.
 
 Great Lakes Sales, Inc v State Tax Comm,
 
 194 Mich App 271, 280; 486 NW2d 367 (1992). Deference is given to the administrative agency’s findings of fact.
 
 THM, Ltd v Comm’r of Ins,
 
 176 Mich App 772, 776; 440 NW2d 85 (1989). Moreover, we consider the stipulated facts in this case conclusive.
 
 Farrimond v Bd of Ed of East Jordan Public Schools,
 
 138 Mich App 51, 56; 359 NW2d 245 (1984). Where there is sufficient evidence, a reviewing court must not substitute its discretion for that of the tribunal’s even if the court might have reached a different result.
 
 Black v Dep’t of Social Services,
 
 195 Mich App 27, 30; 489 NW2d 493 (1992).
 

 The primary goal of judicial construction of statutes is to ascertain and give effect to the intent of the Legislature. Importantly, however, there are special rules with respect to the interpretation of statutes that levy taxes. Generally, where a statute that levies a tax is ambiguous, we construe that statute against the taxing unit. In other words, we will not extend the scope of tax laws by implication or forced construction.
 
 [Wyckoff v Detroit,
 
 233 Mich App 220, 224-225; 591 NW2d 71 (1998) (citations omitted).]
 

 
 *189
 
 Nonetheless, with regard to interpreting statutory exemptions:
 

 “ ‘An intention on the part of the legislature to grant an exemption from the taxing power of the State will never be implied from language which will admit of any other reasonable construction. Such an intention must be expressed in clear and unmistakable terms, or must appear by necessary implication from the language used, for it is a well-settled principle that, when a specific privilege or exemption is claimed under a statute, ... it is to be construed strictly against the property owner and in favor of the public. This principle applies with peculiar force to a claim of exemption from taxation. Exemptions are never presumed, the burden is on a claimant to establish clearly his right to exemption[.] ... In other words, . . . taxation is the rule, and exemption the exception .... Moreover, if an exemption is found to exist, it must not be enlarged by construction, since the reasonable presumption is that the State has granted in express terms all it intended to grant at all ....’”
 
 [Guardian Industries Corp v Dep’t of
 
 Treasury, 243 Mich App 244, 249-250; 621 NW2d 450 (2000), quoting
 
 Detroit v Detroit Commercial College,
 
 322 Mich 142, 148-149; 33 NW2d 737 (1948), quoting 2 Cooley, Taxation (4th ed), § 672, p 1403.]
 

 The Michigan homestead exemption is set out in the General Property Tax Act (gpta), MCL 211.7cc, and provides:
 

 (1) A homestead is exempt from the tax levied by a local school district for school operating purposes ... if an owner of that homestead claims an exemption as provided in this section. . . .
 

 (3) A husband and wife who are required to file or who do file a joint Michigan income tax return are
 
 entitled to not more than 1 homestead exemption.
 
 [Emphasis added.]
 

 
 *190
 
 See also subsections 11(1) and ll(8)(d) of the Revised School Code, MCL 380.1211(1), (8)(d). MCL 211.7dd provides relevant definitions for this provision as follows:
 

 (a) “Homestead” means that portion of a dwelling ... that is subject to ad valorem taxes and is owned and occupied as a principal residence by an owner of the dwelling or unit. . . .
 

 (d) “Principal residence” means the 1 place where a person has his or her true, fixed, and permanent home to which, whenever absent, he or she intends to return and that shall continue as a principal residence until another principal residence is established.
 

 See also MCL 380.1211d(l)(a), (l)(d).
 

 This is an issue of first impression in Michigan because no published authority has interpreted the homestead exemption with respect to these unique facts. See, e.g.,
 
 Stolper v Dep’t of Treasury,
 
 164 Mich App 407, 413-414; 417 NW2d 520 (1987) (joint filers were not entitled to Income Tax Act homestead credit because nonresident spouse’s income had to be considered). Petitioners maintain that simply because Cherrie is a Michigan resident, as the parties stipulated, she deserves a Michigan homestead exemption. Respondent counters that this focus is misplaced and emphasizes instead that Cherrie filed jointly with her nonresident husband from an Illinois address and claimed an Illinois income tax homestead credit. However, we conclude the following is more disposi-tive: (1) Michigan’s property tax act homestead exemption applies only to real property in Michigan; (2) the homestead tax credit under Illinois’ Income
 
 *191
 
 Tax Act is distinct from Michigan’s property tax homestead exemption; and (3) the Michigan Tax Tribunal does not have authority to interpret another state’s tax laws against Michigan taxpayers absent a reciprocal tax agreement with that state.
 

 IV. PETITIONERS’ JOINT NONRESIDENT MICHIGAN INCOME TAX RETURNS
 

 First,, as a threshold matter, we note that petitioners are not bound to the representations on their Michigan income tax returns stating that they are residents of Illinois. That is, the fact that petitioners filed income tax returns in Michigan as nonresidents does not automatically bar a Michigan homestead exemption claim. See, e.g.,
 
 Boyd v Dep’t of Treasury,
 
 3 MTTR 603, 605 (Docket No. 91007, issued January 3, 1985) (“[a]mounts reported by a taxpayer in his federal tax return are not binding on the State of Michigan”);
 
 Lawrence v Dep’t of Treasury,
 
 140 Mich App 490, 497; 364 NW2d 733 (1985) (construing Michigan Income Tax Act [ita], MCL 206.1
 
 et seq.,
 
 and the Internal Revenue Code). In addition, a taxpayer’s notation of a Michigan mailing address on a federal income tax return does not necessarily create a presumption of Michigan residency.
 
 Said v Dep’t of Treasury,
 
 245 Mich App 489, 493-497; 628 NW2d 100 (2001).
 

 Second, we note that in
 
 Stolper, supra
 
 at 414-417, this Court held that for purposes of the separate and distinct homestead credit found in the ita, a married couple filing jointly is considered one taxpayer entity. The
 
 Stolper
 
 Court held that although only one spouse actually lived in Michigan, the law required that both spouses’ incomes be used to compute the petitioners’
 
 *192
 
 homestead credit, which recomputation resulted in the taxpayer being ineligible for a homestead credit.
 
 Id.\
 
 see also MCL 206.504(2) (definition of “claimant” for the purpose of the ita property tax credit includes a married couple); Michigan Department of Treasury Revenue Administrative Bulletin (rab) 2002-4.
 
 Stolper’s
 
 interpretation of the ita does not necessarily apply to the present matter because this matter arises under the separate gpta. See MCL 206.501 (ita “definitions . . . shall control only in the interpretation of this chapter, unless the context clearly requires otherwise”). However, assuming
 
 Stolper
 
 is analogous, if the petitioners in that case had joint income low enough to allow a Michigan homestead tax credit on their income taxes, the fact that one spouse was a nonresident would not have barred the couple from receiving it. See
 
 Stolper, supra
 
 at 416. In the present case, the taxpayer couple did file jointly and, likewise, should not be barred from receiving the homestead exemption because one spouse is a nonresident.
 
 Id.
 

 [2]
 

 To the
 
 *193
 
 contrary, the stipulated facts here establish quite clearly that, notwithstanding the nonresident designation on the jointly filed income tax filing, Cherrie’s Suttons Bay home is her “principal residence” for homestead property exemption purposes. MCL 211.7dd(d).
 

 V. APPLICABILITY OF THE HOMESTEAD EXEMPTION AND THE TRIBUNAL’S AUTHORITY
 

 The central issues remain whether the Michigan homestead exemption is similar to the Illinois homestead credit and whether the Michigan Tax Tribunal was authorized to apply Illinois law in this case. First, § 7cc of the gpta, MCL 211.7cc, only applies to Michigan property, and the limitation in subsection 7cc(3) to one exemption means one
 
 Michigan
 
 homestead exemption, not one homestead exemption
 
 in any state.
 
 See MCL 211.1 (under the gpta, “all property, real and personal,
 
 within
 
 the jurisdiction of
 
 this state,
 
 not expressly exempted, shall be subject to taxation” [emphasis added]). The statute does not reference real property homesteads in any other state. Thus, we must presume the Legislature intended the language it plainly expressed.
 
 Pohutski v Allen Park,
 
 465 Mich 675, 683; 641 NW2d 219 (2002).
 

 Second, the tribunal erred in holding that petitioners’ “Illinois homestead exemption” claim on their Illinois income tax return prohibited another Michigan property tax homestead exemption. In fact, the record reflects only that petitioners claimed an Illinois “property tax
 
 credit”
 
 on their income taxes, not
 
 *194
 
 an Illinois homestead
 
 exemption
 
 from their property taxes, and administrative review is limited to the record.
 
 Great Lakes Sales, supra
 
 at 280. The tribunal’s error here is fatal to respondent’s position. Even presuming the Michigan homestead provision prohibits the claiming of more than one exemption in
 
 any
 
 state, it only prohibits the claiming of more than one exemption,
 
 not
 
 the claiming of an exemption and a credit. See MCL 211.7cc, 211.7dd;
 
 Pohutski, supra
 
 at 683.
 

 Exemptions and credits are distinct creatures of tax law — exemptions preclude any tax liability, while credits are applied
 
 to
 
 tax liability, if any. See
 
 Stolper, supra
 
 at 416. A homestead exemption arises under the property tax acts of Michigan and Illinois, while a homestead credit arises under the distinct income tax acts of each state. Compare MCL 211.7cc, and MCL 206.522(3), with 35 Illinois Compiled Statutes, 5/208, and 200/15-175.
 
 [3]
 
 ****8 Indeed, because Michigan allows both a homestead credit on income taxes and a homestead exemption from property taxes, petitioners should also be able to claim one of each, respectively, in Illinois and Michigan. Thus, we are of the view that claiming both an exemption and a credit, allowed under different tax acts of different states, is permissible under the present facts. See
 
 Pohutski, supra
 
 at 683.
 

 Third and finally, absent a reciprocal tax law agreement with Illinois, Michigan tax officials are not
 
 *195
 
 authorized to interpret the law of other states against Michigan citizens. See MCL 211.1 (the GPTA only applies to real property in Michigan); see, e.g., MCL 206.256 (authorizing reciprocal tax agreements under the ita); rab 1990-23 (listing states with an ita Michigan reciprocal agreement);
 
 Gilson v Dep’t of Treasury,
 
 215 Mich App 43, 49; 544 NW2d 673 (1996) (example of pension tax reciprocal deduction agreement). Furthermore, the tribunal is not authorized to read the Illinois homestead property tax credit statute in pari materia with the Michigan ita, because they are fundamentally different. See
 
 State Treasurer v Schuster,
 
 456 Mich 408, 417; 572 NW2d 628 (1998). For example, § 501 of the Michigan ita, MCL 206.501, provides that its terms (including the phrase “property tax credit”) only apply to that act, not to the Michigan property tax act or any other state’s tax statutes. Thus, the tribunal erred in considering petitioners’ Illinois home and Illinois law with regard to whether petitioners are entitled to a Michigan homestead exemption under Michigan law. MCL 211.1, 211.7cc, 211.7dd, 380.1211d.
 

 Accordingly, we conclude that the plain language of the Michigan homestead exemption does not prohibit both a Michigan property tax homestead exemption for a Michigan home and a simultaneous Illinois homestead income tax credit for a separate Illinois home. See MCL 211.1
 
 et seq.;
 
 MCL 380.121M;
 
 Pohut-ski, supra
 
 at 683. As a result, the tribunal’s factual finding that petitioners claimed two homestead exemptions in two states was erroneous.
 
 Michigan Milk Producers, supra
 
 at 490-491. Therefore, the tribunal’s judgment disallowing petitioners’ homestead
 
 *196
 
 exemption is reversed because it resulted from an error of law.
 
 Id.
 

 Reversed. We do not retain jurisdiction.
 

 [1]
 

 The amount of the exemptions is not provided in the record.
 

 [2]
 

 Moreover, this Court in
 
 Citizens for Uniform Taxation v Northport Public School Dist,
 
 239 Mich App 284, 288-289; 608 NW2d 480 (2000), an appeal involving a recreational property owners’ declaratory judgment action alleging that homestead exemption gave state residents preferential tax treatment, held that the homestead exemption does not unconstitutionally discriminate against nonresidents and was in compliance with the federal Privileges and Immunities Clause, stating:
 

 Instead, the statute distinguishes between property that qualifies as homestead property and property that does not. [MCL 380.1211]
 
 treats nonresidents
 
 who own property that does not qualify as homestead property
 
 exactly the same as Michigan residents
 
 who own property that does not qualify as homestead property, neither are eligible for the homestead exemption.... See
 
 Gilson [v Dep’t of Treasury,
 
 216 Mich App 43, 49; 544 NW2d 673 (1996)]... . Michigan residents who own recreational property in Leelanau County are subject to the school operating mills authorized by § 1211 just the same as nonresidents who own nonexempt property. . . .
 
 Landing [v New York Tax Appeals Tribunal,
 
 522 US 287, 297; 118 S Ct 766;
 
 *193
 
 139 L Ed 2d 717 (1998)]. See also
 
 Rubin v Glaser,
 
 83 NJ 299, 307; 416 A2d 382 (1980). [Emphasis added.]
 

 [3]
 

 The confusion exists because the exemption and credit tax devices of both states contain the terms “property tax,” although Michigan’s “properly tax homestead exemption” arises under the General Properly Tax Act, and Illinois’ “homestead properly tax credit” arises under its Income Tax Act. Compare MCL 211.7cc, and MCL 206.522(3), with 35 Illinois Compiled Statutes, 5/208 and 200/15-175.