*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

MAUREEN P. FOSTER,

        Petitioner-Appellant,

v

VAN BUREN COUNTY,

        Respondent-Appellee.

FOR PUBLICATION
April 30, 2020
9:00 a.m.

No. 349001
Michigan Tax Tribunal
LC No. 18-003531-TT

Before: O'BRIEN, P.J., and JANSEN and GLEICHER, JJ.

O'BRIEN, P.J.

Petitioner, Maureen Foster, appeals as of right the decision of the Michigan Tax Tribunal (MTT) denying her claim for a principal residence exemption (PRE) under MCL 211.7cc(3)(b), and assessing her a $500 penalty under MCL 211.7cc(3)(a). By its terms, MCL 211.7cc(3)(b) does not apply to a person claiming a PRE if "that person and his or her spouse file separate income tax returns." We hold that "separate income tax returns" as used in MCL 211.7cc(3)(b) refers to separate state and separate federal income tax returns. Because Maureen and her husband, Francis, filed a joint federal return, they were subject to MCL 211.7cc(3)(b), and Maureen was otherwise disqualified from claiming a PRE under that subsection. As for the $500 penalty, MCL 211.7cc(3)(a) permits the assessment of a penalty if a "person" claims a PRE "and a substantially similar exemption, deduction, or credit in another state[.]" We hold that "person" as used in MCL 211.7cc(3) refers only to "an individual." Because it is undisputed that Maureen did not claim an exemption substantially similar to the PRE in another state, she could not be assessed a penalty under MCL 211.7cc(3)(a). For these reasons, we affirm the MTT's denial of Maureen's PRE under MCL 211.7cc(3)(b), but vacate its assessment of a $500 penalty under MCL 211.7cc(3)(a).

## I. BACKGROUND

Maureen and Francis own a home together as tenants in the entirety in Brookfield, Illinois. Maureen owns another home in Covert Township, Michigan, which she has owned for 42 years. Maureen used to treat the Michigan home as a vacation home and would pay its property taxes as a nonresident. But after her children moved away and she retired, Maureen began spending more time at the Michigan property. According to Maureen, for tax years 2016 and 2017, she spent

most of her time at the Michigan property, and filed Michigan income tax returns as a resident with the filing status "[m]arried filing separately." As part of her 2016 and 2017 Michigan taxes, Maureen claimed a PRE for the Covert Township property.[1] For those same tax years, Francis filed state income tax returns in Illinois with the status "[m]arried filing separately," and claimed an Illinois exemption for the couple's Illinois home. Also in tax years 2016 and 2017, Maureen and Francis filed joint federal income tax returns.

The Michigan Department of Treasury denied Maureen's claimed PRE for 2016 and 2017 because "[t]he person claiming the exemption, claimed or was granted a substantially similar exemption in another state"—Illinois. The department also assessed a $500 penalty.

Maureen filed a petition with the MTT appealing the department's decision. In her petition, Maureen denied that she "claim[ed] or was granted a substantially similar exemption in another state" in 2016 and 2017. Maureen also noted that she and Francis filed separate state tax returns, and that Francis alone claimed and was granted an exemption in Illinois.

In response, Van Buren County contended that Maureen was excluded from claiming a PRE under MCL 211.7cc(3)(b) because her husband claimed an exemption substantially similar to the PRE in Illinois and the couple did "not file a separate [federal] tax return[.]"

In a final judgment, the MTT upheld the denial of Maureen's PRE for tax years 2016 and 2017. The MTT held that Maureen was eligible to claim a PRE for her Covert Township property in those years, but was disqualified from doing so under MCL 211.7cc(3)(b). The MTT reasoned:

> [MCL 211.7cc(3)(b)] disqualifies a married couple "who are required to file or do file a joint Michigan income tax return" if "that person or his or her spouse owns property in a state other than this state for which that person or his or her spouse claims an exemption, deduction, or credit substantially similar to the exemption provided under this section, unless that person and his or her spouse file separate income tax returns." [T]here is no dispute that Petitioner and her husband filed a joint Federal tax return for 2016 and 2017. If a married couple file[s] joint Federal tax returns, they are required to also file Joint Michigan tax returns. Petitioner, however, argues that her husband is not a "taxpayer" under the Income Tax Act because a taxpayer is a person subject to income taxes, as stated in MCL 206.26, and her husband is not subject to income taxes because he has no Michigan source of income. However, the Income Tax Act treats a husband and wife who file a joint Federal income tax return as a single "taxpayer." Therefore, because Petitioner and her husband filed joint Federal returns, they are considered one "taxpayer" and were thus required to file a joint Michigan return under MCL 211.7cc(3)(b). Because Petitioner and her husband were required to file a joint Michigan return, regardless of whether they did so, Petitioner is not entitled to a PRE in 2016 and 2017 because Petitioner's husband claimed a substantially similar exemption in Illinois. [Footnotes omitted.]

---

[1] Maureen also claimed a PRE in 2018, but that tax year is not at issue in this appeal.

The MTT likewise upheld the $500 penalty, reasoning:

> With respect to the penalty, MCL 211.7cc(3)(a) provides that "[i]f a person claims an exemption under this section and a substantially similar exemption, deduction, or credit in another state, that person is subject to a penalty of $500.00." Petitioner argues that, because she, a person, has not claimed an exemption in another state, that she may not be assessed the $500.00 penalty. As stated above, Petitioner was disqualified under MCL 211.7cc(3)(b). That section begins by stating that it is "[s]ubject to subdivision (a)." Subdivision (a) does not include any language that would nullify the disqualifying factor in subdivision (b). The Tribunal therefore concludes that, by being "subject to" subdivision (a), the Legislature intended that the other administrative clauses in subdivision (a), such as the penalty provision, apply to subdivision (b). In essence, subdivision (a) penalized a single person if they claim similar exemption in another state and Michigan. By applying the rest of subdivision (a) to subdivision (b), the Legislature has also penalized a married couple who files joint tax returns, and are thus a single taxpayer, when one claims a similar exemption in another state and the other claims a PRE in Michigan. [Footnote omitted.]

This appeal followed.

## II. STANDARD OF REVIEW

If fraud is not alleged, the MTT's decision is reviewed for misapplication of the law or adoption of a wrong principle. *Smith v Twp of Forester*, 323 Mich App 146, 149; 913 NW2d 662 (2018). The MTT's interpretation and application of a statute is a question of law reviewed de novo. *Lear Corp v Dep't of Treasury*, 299 Mich App 533, 537; 831 NW2d 255 (2013).

When interpreting a statute, our goal is to discern and give effect to the Legislature's intent. *Farris v McKaig*, 324 Mich App 349, 353; 920 NW2d 377 (2018). To do this, we begin by examining the language of the statute. *Id.* If the language is clear and unambiguous, we enforce the statute as written. *Id.*

## III. THE PRINCIPLE RESIDENCE EXEMPTION

Michigan's PRE is governed by MCL 211.7cc and MCL 211.7dd. *Drew v Cass Co*, 299 Mich App 495, 500; 830 NW2d 832 (2013). MCL 211.7cc(1) provides, "A principal residence is exempt from the tax levied by a local school district for school operating purposes to the extent provided under . . . MCL 380.1211, if an owner of that principal residence claims an exemption as provided in this section." MCL 211.7cc(3) states conditions in which a person otherwise qualified to receive the PRE in subsection (1) is disqualified from doing so. As relevant to this case, MCL 211.7cc(3) states:

> Except as otherwise provided in subsection (5), a married couple who are required to file or who do file a joint Michigan income tax return are entitled to not more than 1 exemption under this section. For taxes levied after December 31,

2002, a person is not entitled to an exemption under this section in any calendar year in which any of the following conditions occur:

(a) That person has claimed a substantially similar exemption, deduction, or credit, regardless of amount, on property in another state. . . . If a person claims an exemption under this section and a substantially similar exemption, deduction, or credit in another state, that person is subject to a penalty of $500.00. . . .[2]

(b) Subject to subdivision (a), that person or his or her spouse owns property in a state other than this state for which that person or his or her spouse claims an exemption, deduction, or credit substantially similar to the exemption provided under this section, unless that person and his or her spouse file separate income tax returns.

The MTT held that Maureen was eligible to claim a PRE under MCL 211.7cc(1) for the Covert Township property, but she was disqualified from doing so under MCL 211.7cc(3)(b).

While we agree with the MTT that Maureen was disqualified from claiming a PRE under MCL 211.7cc(3)(b), we disagree with its reasoning. The MTT's interpretation of MCL 211.7cc(3)(b) erroneously conflated the first sentence of subsection (3) with the conditions for disqualification in subsection (3)(b). The MTT stated that MCL 211.7cc(3)(b)

disqualifies a married couple "who are required to file or do file a joint Michigan income tax return" if "that person or his or her spouse owns property in a state other than this state for which that person or his or her spouse claims an exemption, deduction, or credit substantially similar to the exemption provided under this section, unless that person and his or her spouse file separate income tax returns."

This recitation does not comport with a plain reading of MCL 211.7cc(3)(b). MCL 211.7cc(3)'s first sentence excludes "a married couple" from claiming more than one PRE if certain conditions are met, while MCL 211.7cc(3)(b) excludes "a person" from claiming a single PRE if certain conditions are met. The subjects of these provisions are different—one applies to "a married couple" and the other applies to "a person." The question in this case is not whether Maureen and Francis (as "a married couple") are entitled to multiple PREs, but whether Maureen (as "a person") is entitled to a single PRE. Thus, whether Maureen and Francis were required to file a joint Michigan tax return was irrelevant to whether Maureen was disqualified from claiming a PRE under MCL 211.7cc(3)(b).

Despite the problems with its analysis, the MTT correctly concluded that MCL 211.7cc(3)(b) barred Maureen from claiming a PRE. MCL 211.7cc(3)(b) provides that a person is not entitled to a PRE if (1) "that person or his or her spouse owns property in a state other than" Michigan and (2) "that person or his or her spouse claims an exemption" on that property that is

---

[2] When Maureen sought to claim a PRE in 2016, MCL 211.7cc(3)(a) did not include language providing for a $500 penalty. See 2017 PA 121.

-4-

"substantially similar to the" PRE. Francis is Maureen's spouse, and he (1) owns property in Illinois and (2) claimed an exemption for that property that was substantially similar to the PRE.[3]

But MCL 211.7cc(3)(b), by its terms, does not disqualify a person from claiming a PRE if "that person and his or her spouse file separate income tax returns." Thus, we must decide whether Maureen and Francis filed "separate income tax returns" as that term is used in MCL 211.7cc(3)(b).

We conclude that they did not. Maureen and Francis filed separate state income tax returns, but they filed a joint federal income tax return. The plain meaning of "separate income tax returns" is that income tax returns are separate. The term does not limit itself to state income tax returns; it is broad, and encompasses all income tax returns—state and federal—and requires that they be "separate." If the Legislature intended to limit the meaning of "separate income tax returns" in MCL 211.7cc(3)(b) to "separate state income tax returns," it could have done so. Indeed, the Legislature specified "a joint Michigan tax return" in the first sentence of MCL 211.7cc(3). Moreover, interpreting "separate income tax returns" to mean separate state and separate federal income tax returns expands the pool of people "not entitled to" a PRE under MCL 211.7cc(3)(b), which effectively narrows the PRE in favor of the taxing authority. This follows the general rules for interpreting tax statutes that grant exemptions: "[T]ax statutes that grant tax credits or exemptions are to be narrowly construed in favor of the taxing authority because such statutes reduce the amount of tax imposed." *Ashley Capital, LLC v Dep't of Treasury*, 314 Mich App 1, 7; 884 NW2d 848 (2015) (quotation marks and citation omitted). We therefore conclude that "separate income tax returns" as used in MCL 211.7cc(3)(b) refers to both separate state and separate federal income tax returns. Maureen and Francis did not file separate federal income tax returns, and, therefore, Maureen was disqualified under MCL 211.7cc(3)(b) from claiming a PRE.[4]

Because the MTT concluded that Maureen was disqualified from claiming a PRE under MCL 211.7cc(3)(b), it reached the right result, and we affirm its ruling. See *Smith*, 323 Mich App at 152.

## IV. THE ASSESSED OF PENALTY

We disagree, however, with the MTT's assessment of a $500 penalty against Maureen under MCL 211.7cc(3)(a).

---

[3] The parties do not address on appeal whether the Illinois exemption claimed by Francis was substantially similar to the PRE, so we assume for purposes of this opinion that it was.

[4] Maureen argues that the amendments to MCL 211.7cc(3) show a legislative intent to base disqualification under subsection (b) on the "residency" of the person claiming the PRE and his or her spouse. According to Maureen, her and Francis's filings as residents of different states with the filing status "married filing separately" established their separate residencies and was therefore "in full compliance with MCL 211.7cc(3)(b)." Maureen's contention is belied by the plain language of MCL 211.7cc(3)(b), which does not refer to "residency," and instead requires a person claiming the PRE and his or her spouse to file "separate income tax returns."

MCL 211.7cc(3)(a) states, "If a person claims an exemption under this section and a substantially similar exemption, deduction, or credit in another state, that person is subject to a penalty of $500.00." After holding that Maureen was disqualified from claiming a PRE under MCL 211.7cc(3)(b), the MTT held that Maureen was subject to the $500 penalty in MCL 211.7cc(3)(a) because (1) MCL 211.7cc(3)(b) is, by its terms, "[s]ubject to subdivision (a)," (2) Maureen and Francis, as a married couple who filed a joint federal income tax return, are treated "as a single 'taxpayer' " under Michigan law, and (3) Francis (and therefore Maureen) claimed an exemption in Illinois that was substantially similar to the PRE.

The MTT's reasoning has a fundamental flaw: MCL 211.7cc(3)(a) refers to a "person," not a "taxpayer," and "person" as used in MCL 211.7cc(3) means a single individual. MCL 211.7cc(1) provides, "A principal residence is exempt from the tax levied by a local school district for school operating purposes to the extent provided under . . . MCL 380.1211, if an owner of that principal residence claims an exemption as provided in this section." "Owner" as used in MCL 211.7cc means, among other things, a "person" with various types of interest in property, including "[a] person who owns property . . . ." MCL 211.7dd(a)(*i*). " 'Person,' for purposes of defining owner as used in section 7cc, means an individual . . . ." MCL 211.7dd(b).

The subsection at issue—MCL 211.7cc(3)—states conditions in which "a person is not entitled to" a PRE; it does not refer to conditions where an "owner" is not entitled to a PRE. Yet, when reading MCL 211.7cc as a whole, it is clear that a "person" to which MCL 211.7cc(3) applies must also be an "owner" under MCL 211.7cc(1). See *Bush v Shabahang*, 484 Mich 156, 167; 772 NW2d 272 (2009) (explaining that to properly interpret a statute, "the statute must be read as a whole"). Under MCL 211.7cc(1), only "an owner" of a "principal residence" can claim a PRE. It follows that if a "person" is not an "owner," he or she cannot claim a PRE, and there is no reason to determine whether any of the conditions for disqualification under MCL 211.7cc(3) apply. In other words, to apply MCL 211.7cc(3), the "person" to which it applies must be able to claim a PRE, and only an "owner" can do that. See MCL 211.7cc(1). Thus, a "person" under MCL 211.7cc(3) must be an "owner" under MCL 211.7cc(1). And if a "person" under MCL 211.7cc(3) is necessarily an "owner" under MCL 211.7cc(1), then the definition of "person" in MCL 211.7dd(b)—which is "for purposes of defining owner as used in" MCL 211.7cc—applies to "person" as used in MCL 211.7cc(3).

MCL 211.7dd(b) defines "person" as used in MCL 211.7cc to mean "an individual." While it seems clear based on this definition alone that "person" as used in MCL 211.7cc(3) can refer only to Maureen, and not Maureen and Francis as a type of singular legal entity, this conclusion is made abundantly clear when MCL 211.7dd(b) is read as a whole. In its entirety, MCL 211.7dd(b) provides, " 'Person', for purposes of defining owner as used in section 7cc, means an individual and for purposes of defining owner as used in section 7ee means an individual, partnership, corporation, limited liability company, association, or other legal entity." By limiting the definition of "person" when used in MCL 211.7cc to an individual, and then in the same sentence allowing "person" as used in MCL 211.7ee to include various legal entities, the Legislature showed that "person" as used in MCL 211.7cc was not intended to refer to entities beyond "an individual." That is, "person" as used in MCL 211.7cc refers only to a single individual, not to a legal entity such as a married couple.

Because "person" as used in MCL 211.7cc can only refer to a single individual, the penalty under MCL 211.7cc(3)(a) can only be assessed if a single individual claimed a PRE and a substantially similar exemption in another state. It is undisputed that the only exemption Maureen claimed was the PRE. Therefore, the MTT improperly assessed Maureen a penalty under MCL 211.7cc(3)(a).[5]

## V. CONCLUSION

The MTT properly denied Maureen her claimed PRE under MCL 211.7cc(3)(b), but improperly assessed her a $500 penalty under MCL 211.7cc(3)(a). We therefore vacate the $500 penalty, but otherwise affirm.

/s/ Colleen A. O'Brien
/s/ Kathleen Jansen
/s/ Elizabeth L. Gleicher

---

[5] In holding that Maureen was subject to the penalty under MCL 211.7cc(3)(a), the MTT relied on this Court's opinion in *Stopler v Dep't of Treasury*, 164 Mich App 407, 415; 417 NW2d 520 (1987), and stated that "the Income Tax Act treats a husband and wife who file a joint Federal income tax return as a single 'taxpayer.'" *Stopler* is not applicable here because its holding that the MTT found relevant concerned whether a husband and wife could be treated as a single "taxpayer" entity, whereas the issue in this case concerns whether a husband and wife can be treated as a single "person" under MCL 211.7cc(3)(a). Moreover, at issue in *Stopler* was a homestead credit under MCL 206.520 of the Michigan Income Tax Act (MITA), whereas this case concerns a PRE under MCL 211.7cc of the General Property Tax Act (GPTA). This Court has questioned the propriety of applying *Stopler* to cases that "arise[] under the separate GPTA," *Stege v Dep't of Treasury*, 252 Mich App 183, 192; 651 NW2d 164 (2002), and this case presents one of the reasons why: the MITA has its own definition of "person," that definition is starkly different from the relevant definition of "person" in the GPTA (compare MCL 206.16 with MCL 211.7dd(b)), and the *Stopler* Court relied on the MITA's definition of "person" to render its holding. See *Stopler*, 164 Mich App at 414-415. Thus, the statutory basis for *Stopler*'s holding is not applicable to this case arising under the separate GPTA.

The MTT also reasoned that the penalty under MCL 211.7cc(3)(a) was appropriate because MCL 211.7cc(3)(b) is "[s]ubject to subsection (a)[.]" That MCL 211.7cc(3)(b) is subject to subsection (3)(a) does not mean that a penalty under subsection (3)(a) is appropriate if a person violates MCL 211.7cc(3)(b). Rather, MCL 211.7cc(3)(b) is subject to subsection (3)(a) because they can be read to both apply to the same person. MCL 211.7cc(3)(a) states that a person is not entitled to a PRE if "[t]hat person has claimed a substantially similar exemption, deduction, or credit, regardless of amount, on property in another state." MCL 211.7cc(3)(b) states that a person is not entitled to a PRE if "that person . . . owns property in a state other than this state for which that person . . . claims an exemption, deduction, or credit substantially similar to the exemption provided under this section[.]" By stating the MCL 211.7cc(3)(b) is "[s]ubject to subsection (a)," the Legislature clarified that, when either subsection could apply, MCL 211.7cc(3)(a) controls.